Opinion of the Court.
THIS writ of error is prosecuted to reverse a judgment recovered by Joseph Wright, in an action of assumpsit, brought by him in the circuit court against Richard Wright. The declaration contains various general and special counts, and the trial was had on the general issue. The object of the counts is, to set forth a right in Joseph Wright to recover of Richard Wright for work and labor performed by the former, as a millwright and house carpenter, in framing, erecting and building for the latter a horse saw and grist mill, on the inclined wheel plan. The special counts set out the contract between the parties, specially ; and the general counts are for work and labor done and performed by Joseph Wright for Richard Wright, &c.
On the trial in the circuit court, evidence was introduced conducing to prove that by the original contract between the parties, Joseph Wright was to build a horse grist and saw mills ; the grist mill to run two pair of stones five feet across, and to be completed, with conductors, elevators, &c. for manufacturing of flour; the saw mill to cut fifteen hundred feet of plank a day, and both mills to be in the same house and worked by the same wheels ; the walk wheel to be fifty feet in diameter, and the cog-wheel to be forty feet in diameter. Joseph Wright was also to frame and build the houses for both mills, and to do all the wood work about them, with some slight exceptions, &c. ; for *180 which Richard Wright was to pay Joseph $77 5. It was also proved, that the work was commenced by Joseph, under this contract ; and some time thereafter, Richard Wright altered the plan of his mills, so as to have the walk wheel made fifty four feet in diameter, and the cog wheel thirty six feet in diameter ; and according to the plan, as altered, without any agreement as to the price, the work was performed, for which a recovery was sought by Joseph Wright.
Statement of the case.
Where a carpenter or millwright agrees to erect any building for a specified sum of money ; but additions or alterations are afterwards made by consent, the workman is bound by the contract as far as it can be traced, and is entitled to recover on a quantum meruit for the excess only.
*180 After the evidence on both sides was through, Joseph Wright moved the court to instruct the jury, that if, from the evidence, they believed that, originally, in and about the time the work was commenced, a special agreement was made, by which Joseph agreed to build for Richard the mills, &c. for $775 ; yet, if they believed that after that time the plan of the mills had been altered and enlarged in a material and substantial part, and that, according to the enlarged and altered plan, the work was performed, the said Joseph, in that event, had a right to recover what his work and labor was reasonably worth.
The court gave the instructions, with this modification : That in assessing the damages, the jury were at liberty, either to find what the work was reasonably worth, if they believed the plan had been, after the contract was first made, materially and substantially altered by consent of plaintiff and defendant, and upon that altered and enlarged plan, the work had been done without any prices fixed by the parties for the work, after the plan had been altered and enlarged ; or to ascertain the value of the work by the standard fixed on by the parties, when it was originally agreed to do the work for $775.
The correctness of these instructions, forms the main inquiry for the consideration of this court.
1. We cannot admit the correctness of the principles recognized in the instructions, as given by the court. They certainly cannot be correct, unless the jury possessed an absolute discretion in assessing the damages ; for the jury were instructed that they might either find what the work was reasonably worth, or they might ascertain its value by the standard which was fixed by the parties when the work was agreed to be done for $775. If, as matter of law, the reasonable value of the work should bave formed the *181 measure of damages, that value should have governed the jury in their assessment ; and it must have been incorrect, to inform them that they were at liberty to adopt any other standard. And if the value of the work should have been ascertained by the standard fixed on by the parties when the work was originally undertaken, it cannot have been correct to instruct the jury, that they might find the reasonable value of the work. But if the jury possessed an unlimited discretion in assessing the damages, then, as they might adopt any measure of damages which to them might seem proper, they were at liberty, as the court instructed, either to find the reasonable value of the work, or to ascertain the value by the price agreed to be given by the original agreement. But in cases of this description, the discretion of the jury in assessing damages, is not without control. If there had been no alteration in the plan of the work, and it had been performed in strict accordance with the original agreement of the parties, the price agreed to be given would have formed the measure of damages which ought to have been given by the jury; but as the plan of the work was altered after the work was commenced, and no price agreed on by the parties for the additional labor which may have been performed in consequence of the enlargement of the plan, the original price should have no further control over the amount of damages to be recovered, than the original contract can be traced ; but as far as it can be traced, the parties should be bound by the contract, and for any excess of labor performed in consequence of the enlargement of the plan of the work, damages commensurate to its value should be recovered. Thus, it is said, “ where a carpenter or builder agrees to erect any building for a particular sum of money, but additions or alterations are afterwards made, the tradesman is bound by the contract, as far as it can be traced, and entitled to recover on a quantum meruit for the excess only.” — 2 Com. on Cont. 360.
We admit, that if the original plan for the work had been so entirely abandoned, that the contract could not be traced and applied to any particular part of the work performed, Joseph Wright, the plaintiff in the court below, would be permitted to recover, for the whole work done, according to measure and value, *182 as if no contract had ever been made ; but in the present case, the original contract is not proved to have been wholly abandoned. The principal alteration consists in the difference in size of the walk and cog-wheels, as made, and as they were agreed to be made ; the walk wheel, as made, is fifty four feet in diameter, and by the original contract it was to have been made fifty feet in diameter; and the cog-wheel was to have been made forty feet in diameter, but is made thirty-six feet in diameter.
It results, that the instructions of the court were incorrect, and that, consequently, the judgment must be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.
The following petition for a re-hearing was presented by the Hon. Benjamin Hardin :
The counsel for the defendant in error respectfully solicits the court for a re hearing of this cause. The court will perceive that the instruction moved for by the plaintiff, although hypothetical, has a relation to, and is based upon the evidence before the jury ; and that evidence conduced to prove, that the whole plan of the mill had been altered, after the special agreement was made. The court will also perceive, from the nature of the work to be done, and the indispensable necessity of adapting one wheel to that of another, and each part of the machinery to suit and fit one another, that when the walk and cog-wheels are so greatly altered, that all the balance and residue of the works and gears of the mills, must be enlarged or altered, to make one part correspond with that of another ; also, that the house to contain a fifty-four feet walk-wheel, &c. would have to be altered in its dimensions. The truth is, take all the evidence together, and it conduces to prove that the alterations and enlargements were much greater than what are sworn to by the defendant’s children. According to the plan as altered, millwrights swear, the work the plaintiif was to do, would be worth upwards of $2000.
The instruction asked for by the counsel for the plaintiff in the court below, and which was given by the court, had a reference to the evidence ; and it was *183 asked and given upon the predication, that the whole work had been so changed and altered, that the excess or addition could not be accurately defined.
The rule, as laid down in Buller’s Nisi Prius, page 140, and which has ever been considered the law, is, that where the work has been done different from the contract, substantially, then the party could recover upon a quantum meruit. The reason is obvious, that if he did not recover upon a quantum meruit, he could not recover at all; because he could not show that he had performed the work agreeably to contract, and therefore could not recover upon the contract.
The case referred to by the court, in Comyn, is taken from Peake’s Nisi Prius. The original case in Peake, and one in 1 Bay’s Reports, page 401, based upon that of Peake, and which it is presumed the court has not seen, were both before the court below, and deliberately considered by the court and the counsel concerned ; neither of which, when the whole facts are well considered, impugn the principle laid down in Buller. In both those cases, the original work contracted to be done, could be clearly distinguished from the alterations, and the alterations assumed distinctly the character of additions. In Peake, the case is stated more at large than it is in Comyn. The court, upon examining Comyn, will perceive that he does not state whether the alteration in the house was in the width or length; and even if it had been in the width, the difference between fifteen and seventeen feet, would have made no material alteration in the size of the timbers. But the case, as reported by Peake, is, two feet were added to the length of the house. There the fifteen feet of roof was exactly as contracted for, and the other two feet was clearly an addition only; and the jury could have no difficulty in distinguishing between the original work and the addition. The case in Bay is, a piazza was added and connected with the roof of the house ; and seven dormant windows were also added. In that case the original work was not altered, and the piazza and windows were a clear and manifest addition; and, as such, could be paid for independent of the original work. In that case the court were against the workmen, considering it a trick and contrivance devised by workmen to defraud their employers. The court will perceive that neither of these *184 cases affect, alter or, change the principle laid down in Buller. Nay, Lord Kenyon, in Peake, sanctions it. His words are : “ I admit, that if a man contracts to work by a certain plan, and that plan is so entirely abandoned, that it is impossible to trace the contract, and to say to what part of the work it shall be applied, in such case the workman shall be permitted to charge for the whole work done, by measure and value, as if no contract at all had ever been made.”
The court is respectfully solicited to apply that rule to the present case. A grist and saw mills are materially altered in their machinery ; how can either court or jury distinguish the alterations as an addition only ? Does it not affect every part of the work ? Is not the framing of the mill house different ? Is not the size of the timbers different ? Are not the sizes of all the timbers different ? Is any part left unaltered, except the names of grist and saw mills ? The shafts, the arms, the cogs, the whole gear is different, and no part of the work remains the same. The jury had enough to satisfy them, that the alterations in the works and machinery were much more considerable than as stated by the defendant’s son George. Seven hundred and seventy five dollars was the price, as first agreed on ; the work, as begun, was worth upwards of two thousand dollars. The repeated declarations of the defendant, that he expected it would cost him two thousand dollars or upwards ; the testimony of Mattingly, that some of the timbers first got out, before the parties went to Lebanon, to see the mill there, which occasioned the alterations, were in fact too short ; all these facts conduced strongly to prove the alterations were much greater than stated by the defendant’s witnesses. No case can possibly occur where material alterations in the size and dimensions of the works, so completely lose all character of additions, and so entirely become incorporated with the original work, as that of the wheels and gears of mills ; for whenever one part is materially altered, all must be altered, and the sizes of all the timbers changed. The shafts, the arms, the Cogs, the braces and the framing are different. It is impossible, in the nature of things, to distinguish the alterations from the original work. It is an inconsiderable job, to frame the roof of a house twenty-five *185 feet ; but suppose it was enlarged to fifty feet, it would not only be an addition of twenty five feet to the roof, but the timbers of the first twenty-five feet would have to be changed and got much larger and stouter.
This court, before it reverses the opinion of the court below, ought to take this into consideration, that the court below witnessed the whole trial, heard the evidence, and upon that evidence, the instruction was predicated ; that a number of millwrights were examined before the jury ; that the difficulty, from that examination, of distinguishing and separating the alterations from the original work, and giving them the distinct character of additions, would be much more forcibly impressed upon the minds of the court and jury, than this honorable court, who only have a short statement of the case on paper. And when there appears to be no material difference of opinion between this court and the court below, who tried the cause, as to the law, and the only apparent difference is the application of the law to the fact, great deference and respect should be paid to the opinion of the judge, who witnessed the trial before the jury and heard all the testimony.
The counsel would further suggest to the court, that the case in Peake is not authority, nor can the same be used by this court; for it was given at least fifteen or twenty years since 1776.
For the reasons above stated, he asks of the court a re-hearing of this cause. He has no apology to make to the court, for troubling them with this petition, and not acquiescing in the opinion of the court, however strongly he might be impressed with a different opinion ; but the court will perceive that it is a remarkably hard case upon the defendant in error. He never can distinguish and recover for the alterations in the work, before the jury ; for the alterations are completely incorporated in all the work, and every part thereof ; that to finish the work upon the altered plan, it is worth upwards of two thousand dollars, and when done, to get but seven hundred and fifty dollars for it ; and that, unless he finishes the work, he will have to refund what he has received, and get nothing for what he has done; the whole case taken together is one of extreme hardship for the defendant in error, who *186 is a young man just out of his apprenticeship, and overreached by his uncle.
BEN, HARDIN.
But the court overruled the petition.