Parker C. J.
delivered the opinion of the Court. It appears by the English authorities cited, that an action of debt ts a common law remedy on a simple contract, as well as on a specialty, and that it lies even on a quantum meruit and quan turn valebant. It is much disused on account of the right which it gives to the defendant to. wage his law. But in this country, where there is no wager of law, there is no reason why this action should be disused.
In regard to the question, whether the plaintiffs can main tain their action of indebitatus assumpsit, they having made a special contract which was not performed, we think the preponderance of authorities is in favor of such action. Having had occasion recently to look into this question in another case, we omit any discussion of it in this.I [See Hayward v. Leonard, 7 Pick, 181.]
That the defendants are a corporation, makes no difference, as they may be sued on an implied promise as well as individuals.[1]

Judgment according to verdict.

 See Norris v. School District, 3 Fairfield, 203; Hollinsead v. Mactier, 13 Wendell, 276; Wright v. Wright, 1 Littell, 181; M'Cormick v Connoly, 2 Bay, 401; Wadleigh v. Sutton, 6 N. Hamp. R. 15; Ligget v. Smith, 3 Watts, 33; Jewett v. Weston, 2 Fairfield, 346; Newman v. M' Gregor, 5 Hammond, 351; Hayden v. Madison, 7 Greenleaf, 76; Dubois v. Del. and Hudson Canal Co., 4 Wendell; 285; Morford v. Ambrose, 3 J. J. Marshall, (Ken.) 600; Phelps v Sheldon, 13 Pick. 50; Sebastian v. Thompkins, 6 Littell, 108; Merrill v. Ithaca and Oswego Railroad Co., 6 Wendell,.589; M'Intire v. Morris, 14 Wendell, 90.

 See Baptist Church v. Mulford, 3 Halstod, 182; North Whitehall v South Whitehall, 3 Serg. & Rawle, 117; Bank of Columbia v. Patterson, 7 Cranch, 297; Waring v. Catawba Co., 2 Bay, 10; Chesapeake &c. Canal Co. v. Knapp, 9 Peters, 541; Beverly v. Lincoln Gas Light and Coke Company, 6 Adolph & Ellis, 829, and 33 Eng. Com Law Rep. 222.