## Ashmore v. Hannen.

(Decided February 13, 1914.)

### Appeal from Franklin Circuit Court.

1. Equity—Relief in Cases of Mistake—Evidence.—Equity will not grant relief in cases of alleged mistake except upon very clear evidence; and where the fact of mistake is denied, evidence to overcome the denial must be of the most persuasive character.

2. Equity—Rescission—Fraud and Mistake.—Rescission is a right of the complainant and not a means for the assertion thereof; it is an equity, rather than an equitable remedy, and the relief therefore is based upon equities arising out of fraud and mistake.

3. Deeds—Conveyance of Strip of Ground for Street—Withholding Deed—Obstruction of Street.—Where the appellee sold and conveyed to appellant a forty-foot strip of ground for a street which was to be constructed at the cost of the appellant, but withheld the deed therefor, and the appellee subsequently excluded appellant from access to the street by constructing a fence across it, the trial court properly required appellee to remove the obstruction and surrender to appellant her deed for the street.

4. Damages—Relief Asked by Way of Rescission.—Where a plaintiff asked relief by way of rescission and damages as merely incidental to that right, and the trial court denied damages because no right of rescission had been shown, the plaintiff may yet recover damages in a suit at law for an infraction of her rights.

FRANK CHINN for appellant.

POLSGROVE & GAINES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Mary Ashmore, owns a tract of forty acres of land within the limits of the city of Frankfort opposite the Feeble Minded Institute, and near the Versailles pike, now known as East Main street. The land does not extend to or border upon the street, but is

cut off therefrom by the intervening land of Hannen, the appellee.

Formerly, appellant's only way of getting to her land was by a primitive roadway, narrow and through unattractive surroundings, on the western side thereof.

Appellant's land is available chiefly as lots for suburban homes; but it could not be satisfactorily sold for that purpose so long as she did not have a desirable outlet to the street.

Adjoining her forty-acre acre tract appellant also owned a four-acre lot upon which Hannen held a mortgage for $400.00. Hannen wanted to buy a part of the four-acre tract from Miss Ashmore, and she wanted to secure a street leading from her forty-acre tract over the intervening Hannen land to the street, as an outlet for her forty-acre tract. To accomplish the purposes of both, they agreed that if she would convey one-half of the four-acre lot to Hannen he would cancel the mortgage and would convey to her a forty-foot strip for a street through his property at the point desired by Miss Ashmore so as to render her forty-acre suburban tract marketable. They carried out this agreement on October 18, 1911, by Miss Ashmore conveying to Hannen two acres of the four-acre lot, reciting a consideration of "one dollar and other good considerations," although she claims the two acres were worth $1,000.00. Hannen, in turn, executed a deed conveying to Miss Ashmore the forty-foot strip for a recited consideration of "one dollar and other good and valuable considerations." The deed from Hannen to Miss Ashmore contained this further provision:

"But the further consideration of this instrument is (and it is hereby stipulated and agreed between the parties hereto), that the third party (Miss Ashmore) shall at her own cost and expense, free from any cost and expense to the first party, improve and macadamize the said street throughout its length so that neither the first nor the second party shall be liable for any costs of the improvement of said street in any event. And it is further hereby agreed that the third party shall not sell any lot or portion of the land owned by her to any person of African descent.

"And it is further agreed and understood between all the parties hereto and as a part of the consideration for this conveyance, that the said 40-foot strip of ground

shall be dedicated to the public use as a public street of the city of Frankfort.''

Immediate possession of the properties conveyed by the two deeds was given by the respective grantors. Miss Ashmore began at once the work of grading and improving the new street, and continued the work until the severe weather of the Fall and Winter of 1911 stopped further progress; whereupon the work on the street was suspended to be again taken up and completed in the Spring of 1912, or as soon as the weather would permit. Up to this time Miss Ashmore had spent something like two hundred or three hundred dollars upon the street and in platting her forty-acre tract, in addition to an agent's fee of $500.00.

The deed for the street had not been recorded, but was in Miss Ashmore's possession; and after the suspension of the work as above indicated, Hannen persuaded her to let him have the deed, representing, as she claims, that he would keep it safely for both of them.

Shortly after he had secured possession of the deed, he also took possession of the forty-foot strip and built a strong fence across the entrance to it. He forbade Miss Ashmore's entrance upon the street; notified her that he would not further comply with their agreement in reference to the street, and refused to return the deed to her.

On August 24, 1912, Miss Ashmore filed this suit setting up the foregoing facts, and asked that the contract be rescinded; that Hannen be compelled to surrender the deed for the one-half interest in the four-acre tract and re-convey said interest to the plaintiff, she agreeing to pay the $400.00 due on the mortgage, and that she recover $5,700.00 in damages for a breach of the contract.

In his answer Hannen alleges that the consideration for the conveyance of the two acres to him by Miss Ashmore was the cancellation of the mortgage for $400.00 above referred to, and that the cancellation of the mortgage and the transfer of the two acres by Miss Ashmore to Hannen had nothing whatever to do with the contract and deed for the forty-foot street.

He further answered that there was a parol agreement between him and Miss Ashmore by which the forty-foot street was to be thrown open to the public only after Miss Ashmore has sold to good, substantial and responsible white persons as many as ten or twelve building

lots from her forty-acre tract; that the deed therefor was not to be delivered, recorded, or become binding or final upon any of the parties thereto until said ten or twelve lots had been actually sold and deeds therefor delivered by the plaintiff. It is not alleged that this parol agreement was omitted from the deed by mistake; it is contended, however, that the agreement being evidence only of the consideration for the deed, it can be shown without violating the rule that a written contract is not to be contradicted by parol testimony.

By his judgment the chancellor required Hannen to remove the obstruction which he had placed upon the forty-foot strip of ground to be used for a roadway, and to deliver possession thereof to the plaintiff; and having denied the plaintiff any other or further relief, she appeals.

We do not consider it necessary to decide the question which has been elaborately discussed in the briefs, as to whether parol evidence is admissible to vary the effect of the contract contained in the deed by which Hannen conveyed the street to Miss Ashmore, since the evidence not only wholly fails to show any mistake, but clearly sustains appellant's contention that the deed for the street contains the contract between the parties. It needs little argument to conclusively demonstrate the improbability and unreasonableness of appellee's contention, that the strip for the street was sold upon condition, or that the deed therefor was to take effect only after Miss Ashmore had sold ten or twelve lots of her sub-division. The only purpose in obtaining the street was to make the lots of Miss Ashmore's sub-division salable; and that being true, clearly they could not possibly be salable in the absence of a street or outlet which was the one primary and essential element of their salability. Adcock, the promotor, makes this perfectly plain. He declined to undertake the work of sub-dividing the land unless the new street was first secured; and in taking that position he was only following the ordinary business methods. usual in such cases.

Equity will not grant relief in cases of alleged mistake except upon very clear evidence; and where the fact of mistake is denied, evidence to overcome the denial must be of the most persuasive character. Bispham's Equity, section 196.

On the other hand, appellant has not shown that she is entitled to a rescission of the contract: there is no complaint that the contract for the street was obtained by fraud or mistake.

In pointing out the character of the right of rescission, Bispham's Equity, section 472, says:

"Rescission, however, is a *right* of the complainant, and not a means for the assertion thereof; it is an *equity*, rather than an equitable remedy. In enforcing this equity, a Court of Chancery will, as the necessities of the case require, afford relief either by directing a reconveyance, or by simply ordering an instrument to be surrendered for cancellation. This relief is based upon equities which have been already considered, viz., fraud and mistake; and the decrees which are made in such cases are naturally in accordance with the general course and practice of chancery, which always aims at specific relief."

The two deeds, the one for the street and the other for the two-acre lot, were fairly made, and both parties have the right to rely upon their provisions. When Hannen closed the street and refused to deliver the deed therefor to Miss Ashmore, he was in the position of any stranger who obstructed a street or refused to surrender a deed belonging to the plaintiff. But those illegal acts had no connection with the making of the contract, and cannot, therefore, be made the ground for a rescission. In a case of that character the complainant's equitable remedy is by way of injunction to require the offender to remove the obstruction and surrender the deed. If appellant has been damaged by the illegal acts of appellee, she has an adequate remedy at law, which is still open to her. This is true in this case because the pleadings and the judgment treated the question of damages as merely incidental to the right of rescission, and the judgment denied damages because no right of rescission had been shown. The question of damages for the temporary obstruction of the street was neither raised nor decided.

When the chancellor, therefore, required Hannen to remove the obstructions from the street and to surrender to appellant the deed therefor, she obtained all she was entitled to in this action. She having secured the dedication of the street to the public use, Hannen's ob-

struction of it did not justify her in attempting to rescind the contract; she was only entitled to have her contract fully protected, and this the chancellor did.

The judgment is affirmed.