## Queen Insurance Company v. Harry Marks and Moses D. Marks, Partners, et al.

## Great American Insurance Company v. Harry Marks, et al.

## Harry Marks, et al. v. British-American Assurance Company.

## Harry Marks, et al. v. Agricultural Insurance Company.

## Harry Marks, et al. v. Fire Association of Philadelphia.

(Decided October 3, 1924.)

## Appeals from Jefferson Circuit Court.

1.  Insurance—Action on Award Properly Begun at Common Law.— Action on an award of arbitrators under insurance policy was properly begun at common law.

2.  Trial—Where Issue Raised by Answer Only Cognizable in Chancery, Court Erred in Refusing to Trasfer to Equity.—If, on August 1, 1851, when first code was adopted, issue raised by answer would have been cognizable only in chancery, court erred, under Civil Code of Practice, section 11, in refusing to transfer cause to equity, unless right thereto was waived, despite sections 95, 113.

3.  Equity—Issue of Fraud Equitable Only where Common-Law Remedies are Inadequate or Incomplete.—Issue of fraud is not always cognizable only in chancery, but jurisdiction is more often concurrent, and is usually purely equitable only where common-law remedies are inadequate or incomplete.

4.  Trial—Issue of Fraud in Award of Arbitrators Purely Equitable. —Jurisdiction to impeach award in arbitration because of fraud by arbitrators is purely equitable prior to the Code, whether attacked offensively or defensively, and hence, where fraud was pleaded as defense, motion to transfer to equity should have been granted.

5.  Trial—Right to Transfer to Equity Not Waived by Filing Answer. —Right to transfer cause properly brought at law to equity is not waived by filing of answer before motion for transfer, under Civil Code of Practice of section 11, subsec. 2, where equitable issue is raised by the answer; section 10, subsec. 2, not applying.

6.  Appeal and Error—Consideration of Ruling Denying Motion for Transfer to Equity Not Waived by Failure to Except at Time.— Consideration of court's refusal to transfer to equity was not waived by failure to except to orders overruling motions to transfer, where later, before cases were set for trial, defendants moved to reconsider motion and excepted to order overruling that motion.

7. Appeal and Error—Evidence Held Such as to Warrant Finding Award was Result of Fraud.—In action on award, evidence held such that either jury or chancellor might have concluded award was result of fraud, and hence denial of transfer to equity, because of such issue, was not harmless.

8. Trial—Court Erred in Charging that, if Award Set Aside, Plaintiffs Could Prosecute Remedy at Law.—In action on award, which defendant contended was result of fraud of arbitrators, court erred in charging that, if award was upheld, plaintiffs would receive amount thereof, and, if it was set aside, they could prosecute such remedy as law gave them; jury in no wise being concerned with such matter.

SHACKELFORD MILLER, BEN SEELIG WASHER and LAWRENCE S. LEOPOLD for plaintiffs.

WALTER P. LINCOLN and HITE H. HUFFAKER for insurance companies.

Opinion of the Court by Judge Clarke—Reversing in each case.

The insurance companies named in the caption insured the Marks brothers against loss from fire on their stock of reclaimed army goods. There was a fire, and the insured submitted an itemized claim for damages aggregating $28,325.44. Adjusters were selected, one by the insured and one by the insurers, and upon their failure to agree, the amount of the loss was submitted to arbitration, in accordance with a provision therefor common to all of the policies.

Jacob Cohen was chosen by the insured, and E. C. Stephens by the insurers to act as arbitrators, who in turn selected Jacob Levy as umpire. Cohen and Levy made an award of $31,965.63, which Stephens declined to sign, and these several common law actions were instituted by the insured upon the award to recover of the insurers the amount due from each thereunder.

The defendant in each case sought to avoid the award upon the ground of fraud, partiality, and misconduct upon the part of Cohen and Levy. The first two cases, *supra,* were allotted to and tried together in the third common law division of the Jefferson circuit court, while the other three cases fell to and were tried together in the first common pleas division of the same court, and although the evidence was the same upon both trials, the award was sustained by one jury and set aside by the other. Judgments were entered in the several cases in accordance with the verdicts, and separate appeals have

been prosecuted in each case, which are heard together by agreement.

In the two cases in which the award was sustained by the jury and judgments entered against the insurers, a reversal is asked because of the court's refusal to transfer the cases to equity after the defense of fraud had been interposed.

As is conceded, these actions on the award were properly begun at common law. Section 11 of the Civil Code provides when and how an ordinary action, properly commenced as such, may be transferred to equity, and subsection 2 thereof reads:

"Either party may, by motion, have the case transferred to equity docket *for the trial of any issue which* before the said day (August 1, 1851), was exclusively cognizable in chancery."

The single issue presented by the pleadings in all of these cases was, whether or not the award was vitiated by fraud, partiality, and misconduct of the arbitrators.

If then on August 1, 1851, when the first code was adopted, such an issue was cognizable only in chancery, the court erred in refusing to transfer these cases to equity, unless, as also claimed by the insured, the right thereto was waived. This is necessarily true despite the fact that by reason of sections 95 and 113 of the code the defendant is permitted to plead as many defenses as he may have, whether legal or equitable, in any action filed against him, since manifestly the right to transfer given by section 11 to equity for trial of an issue in equity is dependent upon his right to raise such an issue in an ordinary action by his defense thereto.

It seems to be conceded, that an action to set aside an award upon the ground of fraud must have been in equity prior to August 1, 1851, and therefore also since that time under section 6 of the code, but it is insisted that courts of law then had and now have concurrent jurisdiction to relieve from fraud in an action to enforce a common law right.

That they had and still have such concurrent jurisdiction in many cases is true, as in an action upon a note or other contract to which the signature of the defendant was obtained by fraud. Wood v. Walters, 1 Litt. 179; Tribble v. Oldham, 5 J. J. Marshall 137; Hunt v. Nance, 122 Ky. 274, 92 S. W. 6. But, as said in the last named case, "Only a court of equity has jurisdiction to cancel

or declare void a deed or other instrument, whether upon the ground of fraud or mistake.''

The distinction recognized in that case, and upon which counsel for the insured rely, has been consistently recognized in this state both before and since the adoption of a code of practice in 1851. But this distinction, with its many niceties, is not helpful here except as it makes clear the fact that in this state, as in practically all American courts, the issue of fraud is not nearly always, as in the English courts, cognizable only in chancery, but the jurisdiction more often is concurrent, and usually purely equitable only where the common law remedies are inadequate or incomplete. Story's Eq. Juris, section 184; Pomeroy's Eq. Juris, section 910, et seq.

The difficulties that have attended a decision of whether or not available legal remedies were adequate to relieve against fraud attributable to or affecting only the parties to the action, were not encountered in cases where the fraud affects or is attributable to third parties rather than the immediate parties to the action, as where a judgment or award has been obtained by fraud, and it generally has been agreed that in such cases legal remedies are not adequate. Pomeroy's Eq. Juris, section 919.

Our code (section 518) fixes the jurisdiction to relieve from a fraudulent judgment in the court which rendered it, but provides (section 451) that *courts*—as does section 73 of the statute that *courts of equity*— ''shall have power over awards on equitable principles as heretofore.''

We have been able to find only two cases decided prior to the adoption of these statutory declarations, in which the question was raised, and in both of them the court expressly held that the jurisdiction to impeach an award because of fraud by the arbitrators is purely equitable, whether attacked offensively or defensively. Southard, etc. v. Steele, 3 T. B. Mon. 435; Maysville, etc., Turnpike Co. v. Waters, 6 Dana 62.

It would therefore seem clear that the jurisdiction of the issue of fraud in an award upon the part of the arbitrators, however presented, was exclusively equitable prior to the adoption of the code, and that both the code and the statutes have expressly declared it shall continue so.

More recent cases with a single exception throw no light upon the subject, although the issue has been tried

both at law and in equity since the adoption of the code, but without having the jurisdictional question raised by motion to transfer, as is now necessary to avoid a waiver. But the issue was declared to be purely equitable in Jones, etc. v. Northern Assurance Co., 182 Ky. 701, 207 S. W. 459, where it was presented defensively, as here, and that if submitted to a jury, the verdict would be advisory only.

We therefore conclude that the court erred in refusing to transfer the trial of the issue to equity, unless, as claimed, the right was waived.

The insistence for the insured is, that the right is waived unless the motion for transfer is made when or before the answer is filed, as required by subsection 2 of section 10 of the code. But that subsection, by its terms, relates only to transfers of common law actions to the equity docket which should have been *brought* in equity, and therefore can not apply where, as here, the action admittedly was properly begun at common law. Subsection 2 of section 11, which by its terms is applicable here, contains no such provision.

And the reason why in the one case the code requires the motion to be made when or before answer is filed and does not so require in the other is manifest and significant. Where an action is filed at common law that should have been in equity, that fact is of course apparent from the petition, and the motion can and must be filed "when or before" answer. But when an action is properly begun at common law, no reason can exist for a transfer of "an issue" cognizable only in equity until after such an issue has been formed, and, as the issue of fraud was not formed here until the replies were filed, and the motion was then made in each case, there could have been and was no waiver.

It is also urged defendants waived consideration of the matter in this court by their failure to except to the orders overruling their motions to transfer, but they later, and before the cases were set for trial, moved to reconsider the motion and excepted to the order overruling that motion, and thereby saved the question.

It is next insisted that the error was not prejudicial because there was no evidence of fraud. A sufficient answer to this contention for the insured, as well as to the contrary one of the insurers that fraud was conclusively established, is found in the fact that the other appraiser

fixed the loss at about one-third the amount of the award, and there is considerable evidence supporting either view, as well as contrary evidence as to whether or not the award was based upon an unsworn statement furnished by the insured to the appraiser selected by them as to the sound value of the damaged goods.

We are therefore of the opinion there was evidence aplenty from which either a jury or a chancellor might have concluded the award was or not the result of fraud, and that the denial to the insurers in these two cases of their right to have the question of fraud laid upon the conscience of the chancellor was prejudicial, and that for this reason the judgments on the award must be reversed.

For reversal of the judgments against the insured, it is urged that the instructions to the jury were prejudicially erroneous, and having concluded that this is true, we shall confine our discussion to that subject.

As already stated, the evidence was such that the jury might have found for either side. The first instruction given by the court concludes with this statement:

"If the award is upheld, the plaintiffs will receive the amount of the award of the arbitrator and the umpire. If it is set aside, then the plaintiffs may prosecute such remedy as the law gives them. They are not without remedy."

While this statement is no doubt true as a principle of law, it is one with which the jury at the time were in nowise concerned, and so instructed, it is utterly impossible to determine whether they set the award aside because of a belief that it was fraudulent, as only they had a right to do, or simply because they considered it excessive, and believed that justice would be served the better by setting it aside and leaving plaintiffs to their suggested remedy.

Just what led the court to give this instruction is not apparent, since he excluded a similar statement and warned the jury not to consider it when made by counsel in stating his case at the beginning of the trial.

Wherefore the judgment in each case is reversed, and the causes are remanded with directions to transfer them for trial together in equity.