## Turner Elkhorn Coal Company v. Smith.

(Decided June 5, 1931.)

JOSEPH D. HARKINS for appellant.

A. J. MAY and EDWARD L. ALLEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

On September 16, 1923, J. D. Turner and eight others, who were partners and doing business under the firm name and style of Turner Elkhorn Coal Company, sued T. W. Smith to recover of him $828.49 represented by two bunches of checks, one bunch for $711.17 and the other $117.32. Smith filed an answer and counterclaim, and a trial resulted in a judgment in his favor against these partners for $1,200. An appeal was prosecuted to

this court, and the judgment was reversed. See 218 Ky. 503, 291 S. W. 715, 717. The case has been retried, and this time Smith got a judgment for $2,000.

When these partners sued and Smith made his counterclaim, the partners then filed a reply in which they set up a certain paper which they claimed was a settlement of the matters between them and Smith, which paper is copied in our former opinion.

This controversy arises out of the building of a side track for this partnership by Smith. They met on October 19, 1921, to settle the matter, and the paper filed indicates that it was then agreed the partnership had paid Smith in full, in fact had overpaid him, and by that settlement Smith agreed to repay to these partners certain checks, representing that overpayment, which aggregate $828.49.

Smith admits his liability for the payment of these checks, but alleges that at the time they made this settlement these partners assured him that they had paid, or would pay, for him, the following sums:

| | |
|---|---|
| H. D. Martin | $2,669.90 |
| First National Bank of Prestonsburg | 500.00 |
| Ben Williamson & Co. | 443.00 |
| Miller Supply Co. | 300.00 |
| Vest Bryant | 212.00 |
| Woots Gayheart | 124.00 |
| Longfork Wholesale Co. | 218.00 |
| Total | $4,466.90 |

From this record one cannot positively determine just what is Smith's position in this matter. That grows out of his statement that these partners assured him they had paid, or would pay, for him, the sums stated.

If these partners assured him they had paid these claims when in fact they had not, then his contract of settlement made October 19, 1921, was not a settlement because it was obtained by fraud, and Smith must recover, if he recovers at all, upon his original contract to build this siding, and evidence relative to that contract and the work he did and the things he furnished the partnership thereunder is admissible.

There was a bona fide dispute between these parties relative to the state of the accounts between them, and,

if these partners procured Smith's signature to this settlement of October 19, 1921, by promising him they would pay for him these matters, then this contract of settlement was not obtained by fraud.

> A representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made. The failure to make it good is merely a breach of contract, which must be enforced by an action of the contract, if at all.'' See 12 R. C. L. p. 255, sec. 21; 26 C. J. p. 1087, sec. 25.

If they obtained his signature to this contract of settlement by promising to pay these claims for him, the contract of settlement is valid, but Smith must seek to have it reformed and to have included therein the promise and undertaking by these partners to pay, what he says they promised to pay for him, and evidence as to what he did and furnished under the original contract is not admissible.

In the one case he must avoid the contract of October 19, 1921, for fraud, and recover, if at all, on his original contract. In the other case he must seek a reformation of the contract of October 19, 1921, and recover, if at all, upon it as reformed. He must elect definitely what he desires to do and then pursue the method so elected. That he must do so was pointed out in our former opinion, where we set out what he should do, which we now reproduce with appropriate headings.

### To Recover on the Original Contract.

> ''If, on the return of the case to the circuit court, the defendant amends his pleading and alleges facts showing that the contract of October 19 was obtained by fraud, and so is not binding on him, then, if he shows this by competent proof, he may recover on his original contract any balance due him thereon. His pleading now filed is not sufficient for this purpose, and, if a sufficient pleading for this relief is filed and is supported by sufficient evidence, then the question of fraud in procuring the contract may be submitted to the jury, and they may be instructed that, if they find that the contract of October 19 was procured by fraud, then they may

find for the defendant on his counterclaim. the amount, if any, due him on his original contract for the work.''

## To Recover on Contract of October 19, 1921, When Reformed.

''On the return of the case to the circuit court the defendant will be allowed to amend his rejoinder. If the pleading is amended to charge that part of the contract was omitted from the writing by fraud or mistake, and on another trial there is evidence that this was the contract, and that it was omitted from the writing by fraud or mistake, the question may be submitted to the jury, and the jury will be told, if they find for the defendant on the counterclaim, to find for him in the amount which the plaintiff agreed to pay to the persons named, less the checks sued on.''

If he seeks to recover upon his original contract, he must plead the fraud, and must amend his answer and counterclaim and set out what he did and furnished thereunder and was to be paid therefor with as much particularity as if he were suing thereon originally.

If he seeks to recover upon the contract of October 19, 1921, as reformed, he must amend his rejoinder, must make the necessary allegations to secure reformation of it, and must allege just what claims these partners promised to pay for him, and seek to recover of them the amount of the claims he contends they promised to pay and did not pay.

Upon the return of the case after the former appeal, Smith amended his rejoinder, and apparently was undertaking to reform the contract of October 19, 1921, and to recover upon it as reformed. Under the pleadings as they were on the second trial, the court erred in admitting any evidence about what Smith's original contract was and what he did and furnished thereunder, and for the admission of such the judgment must be reversed.

If he elects to sue upon the settlement as reformed, then all transactions and conversations between the litigants previous to October 19, 1921, became merged in this contract of settlement, and all evidence concerning them is inadmissible.

.The instructions were erroneous, they were drawn under one theory of the case, and Smith was seeking to recover on another. They were given upon motion of these partners; hence they cannot complain of them, but upon the next trial the court will require Smith in his pleadings to take a definite position, and will then give proper instructions under the issues as then presented.

Smith on this last trial introduced as a witness in his behalf Charlie Salisbury, who had at one time worked for this partnership, and who testified against these partners. On cross-examination these partners asked this witness questions indicating they hoped to draw out of him an admission that he had been discharged by this partnership for drinking, and the court sustained an objection to this question, and refused to require the witness to answer. No avowal was made showing what his answer would have been, and this judgment would not be reversed for that, but, as it must be reversed for other reasons, the court should on the next trial, if this witness is again offered for Smith, require him to answer and permit these partners to introduce evidence relative thereto, for the purpose of showing his bias, if any.

For reasons indicated, the judgment is reversed, and the question of the sufficiency of the evidence and all other questions not discussed are reserved.