## Turner-Elkhorn Coal Co. v. Smith.

(Decided Dec. 6, 1932.)

(As Modified on Denial of Rehearing Feb. 17, 1933.)

JOSEPH D. HARKINS and B. F. COMBS for appellant.
EDWARD L. ALLEN and A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Turner-Elkhorn Coal Company made a verbal contract with T. W. Smith to do some construction work for it in the opening of a coal operation. As a result of the relation the company was compelled to pay out $828.49 to take care of certain checks issued by Smith during the course of the work. The company sued Smith to recover the amount of the checks. Smith admitted liability on the checks, but set up a counterclaim for a much larger amount for work done under the contract. The case has been tried three times. At the first trial Smith obtained a judgment on his counterclaim, which this court reversed. Turner-Elkhorn Coal Co. v. Smith, 218 Ky. 503, 291 S. W. 715. At the second trial Smith was again successful, but his victory was lost on his adversary's second appeal to this court. Turner-Elkhorn Coal Co. v. Smith, 239 Ky. 438, 39 S. W. (2d) 649. It was pointed out in each of the opinions on the prior appeals that the equivocal positions taken by Smith in his pleadings rendered it difficult, if not impossible, to determine the merits of his claims. Hence, he was directed to reform his pleadings so as to elect definitely what character of claim he would assert. After the mandate of this court on the second reversal was filed in the circuit court, Smith amended his counterclaim and took the definite position that the written contract of settlement made on October 19, 1921, which was copied in our opinion on the first appeal, was obtained by fraud in representing to him that certain specified debts of his amounting to $4,130.70 had been paid by the coal company, when in fact no part thereof had been paid. He set up his claim for a balance due under the construction contract as though no settlement contract had been made. The plaintiff then moved to transfer the case to equity, but the motion was denied. A third trial followed and Smith recovered a judgment for $2,802.40. The present appeal is prosecuted by the coal company from that judgment.

It is first insisted that the case should have been transferred to equity upon the grounds that it involved

the cancellation of a written instrument upon an allegation of fraud in its obtention, and the adjustment of numerous accounts so complicated, and with such great detail of facts, as to render it impracticable for a jury intelligently to try the case. It is true that the cancellation of written instruments for fraud in procuring them may be the appropriate subject of equity jurisdiction, and in many species of fraud the jurisdiction is exclusively equitable. Queen Ins. Co. v. Marks, 204 Ky. 662, 265 S. W. 30; Hunt v. Nance, 122 Ky. 274, 92 S. W. 6, 28 Ky. Law Rep. 1188. The Civil Code of Practice, sec. 10, subsec. 4, authorizes the court to transfer an action from the ordinary to the equity docket whenever the court shall be of the opinion that such transfer is necessary. The court has a discretion, but when the questions presented are peculiar and difficult, or the case involves accounts so complicated, or such great detail of facts, as to render a jury trial impracticable, it is an abuse of discretion not to transfer the case. O'Connor v. Henderson Bridge Co., 95 Ky. 633, 27 S. W. 251, 983, 16 Ky. Law Rep. 244; Turner v. Johnson, 35 S. W. 923, 18 Ky. Law Rep. 202; City of Covington v. Limerick, 40 S. W. 254, 19 Ky. Law Rep. 330; Hely v. Hoertz & Co., 82 S. W. 402, 26 Ky. Law Rep. 644; Manion v. Manion, 120 Ky. 1, 85 S. W. 197, 27 Ky. Law Rep. 402; Davis v. Ferguson, 92 S. W. 968, 29 Ky. Law Rep. 214; Prussian National Ins. Co. v. Terrell, 142 Ky. 732, 135 S. W. 416; Garvey v. Garvey, 156 Ky. 667, 161 S. W. 526; Philadelphia Veneer & Lumber Co. v. Garrison, 160 Ky. 329, 169 S. W. 714; Coy v. King, 199 Ky. 65, 250 S. W. 503; Milliken's Ex'x v. Enterprise Machine & Garage Co., 206 Ky. 78, 266 S. W. 878.

In this case the plaintiff's original claim upon the checks was not denied, but the defendant in his counterclaim set up matters of fraud and sought an accounting of an extensive and complex character. The evidence showed a great detail of facts which no ordinary jury would be competent to try intelligently. A single instruction given to the jury embraced ten subdivisions, each referring to a separate item, and comprehended many details so complicated and difficult that it was impracticable for a jury to determine a result with any degree of accuracy. Hence, the case was one peculiarly appropriate for trial by the court, and the failure to transfer the case to equity was an error, prejudicial to the substantial rights of the appellant.

It is earnestly argued, however, that in the opinion on the last appeal in this case, this court said that if an amended pleading setting up fraud in the procurement of the contract were filed on the return of the case to the lower court and that pleading should be supported by sufficient evidence, "then the question of fraud in procuring the contract may be submitted to the jury." It is insisted that this statement in the opinion is the law of this case, and that, therefore, the trial court was without power to transfer this case to equity on its return to that forum. The opinion on the second appeal in this case was written at a time when no motion had been made to transfer this case to the equity docket. This motion came on the return of the case to the circuit court after the second appeal and after the amended answer and counterclaim of the defendant had been filed. Thus there was presented a different state of record than was before this court on the second appeal, and the statement of this court in its opinion on that second appeal that the case might be submitted to the jury did not preclude the trial court from transferring the case to equity when a different state of record was presented to it, as was the situation in this case after the motion to transfer had been made on the return.

Moreover, the whole case for the defendant depended at last upon the cancellation of a solemn settlement in writing, and the only testimony impeaching the writing was produced by Smith himself. His direct testimony was impaired and weakened by his admissions on cross-examination. His statements as to the alleged false representations were contradicted by three witnesses who were present when the writing was executed. The writing itself constituted cogent evidence of a complete settlement (Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298), and a cancellation thereof could not be sustained on such a record when the established rule, to warrant relief, requires the evidence to be clear and convincing. Western Mfg. Co. v. Cotton & Long, 126 Ky. 749, 104 S. W. 758, 31 Ky. Law Rep. 1130, 12 L. R. A. (N. S.) 427; Culton v. Asher, 149 Ky. 659, 149 S. W. 946; Ashmore v. Hannen, 157 Ky. 437, 163 S. W. 222; Vanover v. Justice, 174 Ky. 577, 192 S. W. 653; Larmon v. Miller, 195 Ky. 654, 243 S. W. 939.

In the case of Perry v. Thomas, 232 Ky. 781, 24 S. W. (2d) 603, this court quoted from the opinion of the

116

United States Supreme Court in Atlantic Delaine Co. v. James, 94 U. S. 207, 24 L. Ed. 112, an apt and accurate statement of the principle, which may be appropriately repeated:

"Cancelling an executed contract is an exertion of the most extraordinary power of a court of equity. The power ought not to be exercised except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear; never for alleged false representations, unless their falsity is certainly proved, and unless the complainant has been deceived and injured by them."

The court may permit further evidence to be taken, or dispose of the case on the record already made, as the parties may be advised, or the court determine.

The other questions raised on the record and debated by counsel need not be decided, but will be reserved without discussion or enumeration.

The judgment is reversed for proceedings not inconsistent with this opinion.