## Turner Elkhorn Coal Co. v. Smith et al.

(Decided Nov. 4, 1937.)

JOB D. TURNER, JR., and COMBS & COMBS, and J. D. HARKINS for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

There have been three former appeals of this case; the opinions being reported in 218 Ky. 503, 291 S. W. 715; 239 Ky. 428, 39 S. W. (2d) 649; and 247 Ky. 112, 56 S. W. (2d) 545, 546. Reference to those opinions saves the necessity of an extended statement of the case.

J. C. Turner and the other individual parties composing the firm of Turner-Elkhorn Coal Company entered into a contract with T. W. Smith to construct a railroad siding. Checks given by Smith to employees engaged in constructing the siding were not paid by the bank on which they were drawn because of lack of funds, and the employees asserted a lien upon the coal company's property. To avoid this the company paid checks amounting to $711.17, and also a judgment for $117.32 against it in favor of another workman on checks given

by Smith. The company instituted this suit to recover such sums.

Smith by answer and counterclaim alleged that there was a balance of $16,122.44 due him under the contract and for which he was entitled to judgment, less the amount sued for. The company by reply denied the allegations of the counterclaim and pleaded a written contract of settlement entered into between it and Smith. This settlement is set out at length in the opinion on the first appeal.

By rejoinder Smith admitted signing the writing, but averred that he did so on the express agreement of W. R. Reese, manager of the company, that it would pay designated persons sums of $4,466.90, and he prayed judgment for this sum less the amount sued for, and, upon motion to elect, rested his counterclaim on the amended answer which plaintiffs controverted.

Judgment for Smith in the sum of $2,000 was reversed on the first appeal; it being held, in effect, among other things, that appellee was not suing to avoid the settlement agreement on the ground that it was obtained by fraud and that certain evidence admitted on his behalf was incompetent, it being indicated that if sufficient pleadings for this relief should be filed and supported by evidence, the question of fraud might be submitted to the jury and they be instructed if they found that the settlement contract was procured by fraud they might find for appellee on his counterclaim the amount, if any, due him on his original contract.

On a return of the case to the lower court, Smith filed an amended rejoinder apparently seeking a reformation of the settlement contract pleaded by the company, and the trial resulted in another verdict and judgment in his favor. On appeal, the judgment was reversed on the ground that, under the pleadings as they were on the second trial, the court erred in not admitting certain evidence with reference to the original contract. Following the filing of the mandate on the second appeal, Smith again amended his answer and counterclaim and specifically alleged that the written contract of settlement pleaded by the coal company was obtained by fraud in representing to him that specified debts amounting to $4,130.70 had been paid by the company, when no part thereof had been paid.

On the third trial, Smith recovered judgment in the

sum of $2,802.40, which, on appeal, was reversed on the ground that the court erred in overruling plaintiff's motion to transfer the cause to equity; and, also, that the evidence that the settlement contract pleaded was procured by fraud was not so clear and convincing as to justify a cancellation thereof; it being said in the opinion that on a return of the case:

"The court may permit further evidence to be taken, or dispose of the case on the record already made, as the parties may be advised, or the court determine."

After the mandate on the third reversal was filed, the cause was transferred to equity, and after the deposition of W. R. Reese, former manager of the Turner-Elkhorn Coal Company had been taken on interrogatories, the chancellor adjudged that plaintiff recover the sums sued for, subject to credits aggregating $308.50 for certain items set out in Smith's answer and counterclaim, and plaintiffs are here on motion for appeal from that part of the judgment allowing such credits.

The first ground argued in support of the motion to grant an appeal and for reversal of the judgment is that a written instrument may only be reformed on the ground of fraud or mistake where there are both allegations and proof of mutual mistake, or of mistake upon the one side and fraud upon the other. This rule contended for by counsel for appellant is so universally recognized as not to require elucidation or citation of authorities.

It is next argued that the court was without power or authority under former opinions in this case, and under the evidence, to reform and correct the settlement agreement pleaded by appellants, and the opinion rendered on the third appeal is cited. That opinion, after holding that the court erred in not transferring the cause to equity, continuing, said:

"Moreover, the whole case for the defendant depended at last upon the cancellation of a solemn settlement in writing, and the only testimony impeaching the writing was produced by Smith himself. His direct testimony was impaired and weakened by his admissions on cross-examination. His statements as to the alleged false representations were contradicted by three witnesses who were present when

the writing was executed. The writing itself constituted cogent evidence of a complete settlement. (Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298),. and a cancellation thereof could not be sustained on. such a record when the established rule, to warrant relief, requires the evidence to be clear and convincing. Western Manufacturing Company v. Cotton & Long, 126 Ky. 749, 104 S. W. 758, 31 Ky. Law Rep. 1130, 12 L. R. A. (N. S.) 427; Culton v. Asher,. 149 Ky. 659, 149 S. W. 946; Ashmore v. Hannen, 157 Ky. 437, 163 S. W. 222; Vanover v. Justice, 174 Ky. 577, 192 S. W. 653; Larmon v. Miller, 195 Ky. 654, 243 S. W. 939.''

And then followed with the quoted excerpt as to what might be done on a return of the case. It is pointed out in the opinion on the third appeal that after the mandate had been filed on the second appeal, Smith had amended his counterclaim and took a definite position. that the settlement agreement was procured by fraud,. and, as already indicated, the only additional evidence. that has been taken since the filing of the mandate following the third reversal is that of W. R. Reese, and,. respecting the settlement contract, he stated:

''All I remember of this transaction is that we four,. Turner, Smith, Claybrook and myself met at Martin Station where an agreement was drawn up and signed by us covering certain work of Turner-Elkhorn Coal Company. That statement we signed was to the effect that Smith's account had been paid in full by the Turner-Elkhorn Coal Company; that is, all the accounts for which Turner-Elkhorn Coal was liable to Smith for work on siding and concrete bridge. As to the other accounts of Hasadore Martin, First National Bank, Ben Williamson & Company and Miller Supply Company, I do not remember the particular details.''

He did testify concerning some of the specific items set out in Smith's counterclaim, but all of these items were for materials furnished or for services rendered. before the settlement agreement was made, and there is nothing in his evidence to indicate that they were not included in the settlement agreement, which provided that it was ''A full settlement between the parties, the Turner-Elkhorn Coal Company and T. W. Smith, when said checks are paid by said T. W. Smith.'' Nor is there

anything in his deposition to indicate that Smith, by any act or representation of the partners, or any of them, was led to believe that these items were not included in, or covered by, the settlement agreement.

So the situation presented by this appeal is practically the same as on the third appeal, wherein it was held, in effect, that the evidence fell far short of that clear and convincing character that would authorize the reformation or cancellation of the written contract of settlement. With the additional proof that has been taken, the evidence to support the issues made by Smith's counterclaim as finally amended is in no material respect different from that before the court on the third appeal; hence we are constrained to hold that the evidence to sustain his allegations in that respect on the last trial was no stronger than it was on the previous trial, and therefore the chancellor erred in crediting the judgment for plaintiffs by any of the items aggregating the sum of $308.50, as above indicated. See Samuels & Co. v. T. M. Gilmore & Co., 142 Ky. 166, 134 S. W. 169; Snyder v. Snyder, 269 Ky. 540, 107 S. W. (2d) 857.

Wherefore, the motion for appeal is sustained, and the judgment reversed, with directions to enter judgment in conformity with this opinion.