## Vanover v. Justice.

(Decided March 13, 1917.)

### Appeal from Letcher Circuit Court.

1. Contracts—Rescission—Reformation of Instruments.—Plaintiff, who had leased certain premises to defendant upon which defendant was to erect buildings that were to become plaintiff's property at the expiration of the lease, brought an action to rescind the contract of lease upon the ground that, through fraud upon the part of defendant, it had been executed for a longer term than agreed to by the parties, and that the buildings were not of the type of construction required under the contract. Held, that proof of the fraud alleged would entitle plaintiff to a reformation, but, having stood by and knowingly allowed defendant to expend large sums of money in erecting the buildings, and not having objected to the manner in which defendant was carrying out the contract, plaintiff could not, without offering to restore defendant, as far as possible, to the position occupied by him before entering into the contract, secure a rescission.

2.  Reformation of Instruments—Fraud.—Before a written obligation will be reformed or rescinded upon the ground of fraud, the fraud must be made to appear by the clearest and most convincing proof.

3.  Reformation of Instruments—Evidence.—Evidence reviewed and held not to authorize a reformation of a written contract.

4.  Reformation of Instruments—Cloud Upon Title.—The contract constituting a cloud upon plaintiff's title to the extent that its duration exceeded the term agreed upon by the parties, if any, a suit might be brought at any time to remove the cloud by reforming the contract so as to conform to the actual agreement.

5.  Contracts—Want of Mutuality.—Although a contract may be unenforceable for want of mutuality, where one of the parties has executed his part of the contract it is too late for the other to object on that ground.

JOHN E. BLAKE for appellant.

CLINE & STEELE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant brought this action against appellee, in the Letcher Circuit Court, for the rescission of a contract of lease for a small tract of land in the outskirts of Jenkins, alleging that, after they had arrived at an agreement, appellee pretended to reduce their contract to writing and to read same to her, but that the contract he wrote is not the contract they made, and that her signature was secured to the written contract by the fraudulent representation, upon the part of appellee, that the writing contained their contract, when it did not; that she is unable to read or write, and that appellee, when he pretended to read to her the writing, did not read it, but recited, instead, the contract they had made. The contract she signed is as follows:

"This contract made and entered into by and between Jane Vanover of the first part and J. F. Justice Co. of the second part.

"Witnesseth:—That for and in consideration of $1.00 in hand paid and other valuable considerations said first party agrees to lease to said second party the following described parcel of land, to-wit:

"Beginning at a sycamore at the edge of the Elkhorn creek running about 75 feet towards the railroad to the R. R. right of way; thence down the creek with said right of way 200 ft. to creek; thence back up said Elkhorn creek to said sycamore and beginning. Said parcel of land lying and being in Letcher county, Kentucky, about

one and one-half miles (1½) miles below Jenkins, Ky., just below Sam Vanover's store, for the purpose of residing and running a general mercantile or other legitimate business for a period of ten years.

"Said second party to erect such buildings as he desires, same to become the property of first party at the end of the period of ten years, unless said first party decides to sell said parcel of land, &c., in which case she agrees to sell same to said second party.

"Given under our hands, this Feb. 13, 1912.

"Witness:—

    "H. F. Keathley

    "Sallie Keathley,

her<br>
"Jane  x  Vanover<br>
mark<br>
"J. F. Justice.

"State of Kentucky,

    "County of Letcher.

"I, R. B. Bentley, Clerk of the County Court for the county and state aforesaid, do certify that the foregoing instrument of writing was this day lodged for record, and the same with this certificate have been duly recorded in my office.

"Witness my hand, this 15th day of April, 1912.

    "R. B. Bentley, Clerk.

"Recorded in Contract Book No. 1, page 329.

    "R. B. Bentley, Clerk."

Appellant alleged in her petition, that the contract agreed to by her provided for the rental to appellee of the premises described, for a period of five years, rather than for ten years as stated in the written contract, and that, in consideration therefor, appellee was to construct upon the rented premises a dwelling house of modern type, costing not less than $1,200.00, which was to become the property of appellant at the expiration of the five years; that appellee was to conduct a general mercantile business in the town of Jenkins, during the five years, and was to sell appellant goods, at his store, at wholesale price, with delivery costs added, and was to employ her son-in-law, H. F. Keathley, as a clerk in his store, during the rental period, and that, if the parties should agree thereto at the expiration of five years, the contract should be extended for another five years. She further alleged, that appellee, after the execution of the contract, had erected upon the premises a dwelling house, a storehouse and a barn, of inferior material, and in a

cheap manner, at a cost to himself of not more than
$350.00, and that these buildings were entirely worthless
to her.

Appellee traversed all of the allegations of the pe-
tition alleging fraud in the execution of the contract,
and denied that the buildings constructed by him were
of no value, and alleged that the buildings had been
constructed by him upon the premises    at    a    cost    of
$3,000.00; that appellant was present every day of the
time, from the day of the lease until the institution of
this action, a period of more than three years, and know-
ingly allowed him to expend large sums of money upon
the improvements erected by him upon the land, and
made no protest or objection to the manner in which he
was carrying out the contract; and that, by reason of her
silence and acquiescence in his expenditure of large sums
of money in erecting improvements upon the land, she
ratified and affirmed the written contract, and is estopped
from seeking to cancel it.

Mrs. Vanover, in her deposition, states that she was
sixty-seven years of age on the 22nd day of October, 1915;
that she resides near the leased premises, saw appellee
erect the storehouse, dwelling house and barn thereon,
after he had rented the premises, and made no objection,
of any kind, to the manner in which he was performing
his contract, until the suit was filed, more than three
years after the execution of the contract; that he never
employed her son-in-law as a clerk; that she bought about
twenty-two dollars' worth of merchandise from him, when
he first began business, but that, as he charged her the
same price or more than other merchants were charging
for the same goods, she quit trading with him, although
she does not state that she protested that he was not
observing the terms of his contract in the prices he was
charging her.   She states that the agreement between
her and appellee was, that the contract was to be for
five years, and for an additional five years if both parties
agreed thereto at the expiration of the first five years,
and that appellee was to construct upon the premises
a modern dwelling house, at a cost of not less than
$1,200.00; that she signed the written    contract    upon
appellee's representation that it contained their verbal
agreement; that before she signed the contract, appellee
read it ''just like me and him had been talking, and when
he read it over I didn't pay much attention to it''; that
she relied upon appellee's statement that the written
contract contained the provisions    agreed    upon,    and

signed it, believing that it did so. She further states that she did not know, until just before the suit was brought, that the contract she signed was for ten years, instead of five; that she made this discovery by going to Whitesburg and having the clerk of the county court read her the recorded instrument; that the reason she brought the suit to cancel the contract was because the lease was for ten years, instead of five.

The contract is attested by H. F. Keathley and Sallie Keathley, son-in-law and daughter, respectively, of appellant, both of whom testified that they were present during the negotiations for the lease and when the contract was executed; that the contract, as agreed to by the parties present, was as stated by Mrs. Vanover, except that H. F. Keathley says the lease was to be for five or seven years, he does not know which, with an additional period to make ten years in all, if both parties agreed to the extension at the expiration of the original term. Both of these witnesses state that the appellee read the contract to Mrs. Vanover before she signed it, but think he read it about as the contract was verbally agreed to. Both can read and write, but neither seems to have read the contract. The only other witness introduced for appellant was Jacob Horr, who testified that the buildings constructed by appellee were of no value whatever—that "they only spoiled the looks of the land"; that he lived in the dwelling house, as a tenant of Justice, for a year, and got out at his request, but had no trouble with him.

Appellee testified that the written contract was in exact accord with the agreement between him and appellant; that, before she signed it, he read it to her, just as it is written, in the presence of Mr. and Mrs. Keathley; that the dwelling house cost him about $700.00, the barn about $100.00, and the storehouse from $500.00 to $700.00; that, during all of the time he was constructing the buildings, and for three years thereafter, and until the suit was filed, Mrs. Vanover lived in sight of the leased premises, and never made any objection to the kind of buildings he erected; that he put Horr out of the building, at the expiration of one year, because he was an undesirable tenant; that Horr "got a little raw about it."

The rule is thoroughly established, that, before a written obligation will be reformed or rescinded upon the ground of fraud in its execution, the fraud must be made to appear by the clearest and most convincing proof; and it is our opinion that the proof for appellant

in this case is not of that character. By her own admission, she stood by and watched appellee expend large sums of money, in the erection of buildings upon the land in compliance with his contract, and, for three years, acquiesced in the manner in which he executed the contract; and she states in her testimony, that her only reason for bringing this action is the discovery that the contract provides for a lease for ten years, rather than five years; and we think the evidence shows conclusively that, by her actions, she waived every other objection to the contract except the provision for its duration. It would be extremely inequitable to permit her, now, to set aside the contract, after appellee has fully executed his every obligation thereunder, under circumstances that permit of no other interpretation than that she approved of and ratified the manner in which appellee performed his part of the contract.

There is nothing, however, in the evidence, except the contract itself, and the testimony of appellee, to show that she had knowledge that the lease was for ten years, rather than five; and, if the evidence is sufficient to show that this provision of the contract was inserted by appellee, without her consent, and that her signature was procured to the contract as written, by fraud upon the part of appellee, then she made out a case entitling her to a reformation, if not a rescission, of the contract. Appellant was clearly not entitled to a rescission, because, having confirmed and ratified the contract, for five years at least, she could have procured a rescission only upon offer of such restitution as equity demanded, which she did not make. 6 Cyc. 306.

Her counsel contends that, even if not entitled to a rescission, under her prayer for general equitable relief the chancellor should have, upon the evidence, granted a reformation. It is not necessary, however, for us to discuss whether or not her pleadings justified a reformation, since, in our judgment, the evidence was insufficient for that purpose. Mrs. Vanover is the only witness who testifies, positively, that appellee did not correctly read the contract before she signed it, and in this she is contradicted by the positive evidence of appellee. Both Mr. and Mrs. Keathley can read and write, both of them were present when the contract was read to appellant, and signed same, as attesting witnesses, and they state that he read the contract to appellant in their presence, but they did not pay enough attention to be able to state whether or not he read it correctly; and neither of them

states that they did not read the contract, although, according to their version of the previous verbal agreement, they were beneficially interested in the contract, both as to the employment of Mr. Keathley and the privilege to buy at appellee's store at wholesale prices. It is unreasonable to assume that, under such circumstances, they did not inform themselves, and their mother, of the provisions of the contract she was executing, especially in view of the fact that she was unable to read or write. We are, therefore, convinced that the evidence for appellant was insufficient to warrant either a reformation or a rescission of the contract; and, while we do not agree with the reason assigned by the chancellor for dismissing her petition, the judgment is, in our opinion, correct.

The reason assigned by the chancellor was, that since the five years for which appellant admitted she had leased the property to appellee had not expired, the action was prematurely brought; but, since the contract was of record, and, therefore, a cloud upon appellant's title, for the time therein stated, and subject to transfer to innocent third parties, appellant clearly had the right to maintain the action for a reformation or cancellation to remove the cloud, if she could have sustained her charge of fraud.

Counsel for appellant insists that the contract is unilateral and, therefore, void; that it is unilateral because, by its terms, appellee was not bound to do anything; that it was with him entirely whether he built any house, or did any other thing to improve the property. The contract is indefinite as to what he was to do; but it is too late, after he has executed the contract by expending large sums of money in improving the property, with her knowledge and consent, for appellant to raise this objection. 6 R. C. L. 687.

Wherefore, the judgment is affirmed.