[No. 21977. Department One. December 10, 1929.]

E. J. THURBER, *Respondent*, v. HARRY W. CLARK, *Appellant*.[1]

*Bausman, Oldham & Eggerman, Hart Snyder*, and *W. S. Greathouse*, for appellant.

*Roberts, Skeel & Holman, Everett O. Butts*, and *J. C. Allen*, for respondent.

PARKER, J.—The plaintiff Thurber commenced this action in the superior court for King county seeking reformation of a lease contract, entered into between him as lessee and the defendant Clark as lessor, by

[1] Reported in 282 Pac. 911.

correction of the description of the land in the lease. Thurber's claim of relief is rested upon the theory of mutual mistake in the description of the land. Clark's resistance to Thurber's claim of relief is rested upon the theory that the lease is so uncertain in fixing the beginning of its ten-year term as to render it void, and also that it is so wanting in mutuality as to render it void; and prays for judgment not only denying to Thurber any relief, but also for an affirmative judgment canceling the lease. The case, being of equitable cognizance, proceeded to trial before the court sitting without a jury, and resulted in findings and judgment awarding to Thurber the relief prayed for by him and denying to Clark the relief prayed for by him. From this disposition of the case in the superior court, Clark has appealed to this court.

The evidence is not before us, there being no statement of facts or bill of exceptions brought here from the superior court. So far as we are able to notice the controlling facts touching the merits, we are required to look to the findings and to some inferences deducible therefrom. They are as follows, our quotations being from the findings:

"On or about the 14th day of August, 1926, for a good and valuable consideration, the defendant leased to the plaintiff" certain described land

". . . for the term and period of ten years as follows: Said lease is to go into effect immediately, but it is understood and agreed by and between the parties hereto that said term of ten years does not start to run until the erection by the lessee of a store building or business house upon said property, time of erection to be at the discretion of the lessee. From and after the erection of said building, the lessee shall pay the lessor a monthly rental of ten dollars ($10) per month. There were no other statements or provisions in said lease as to the term for which it was to run."

Thereafter, on April 22, 1927, it was agreed between the parties that the description of the leased land should be changed in the lease and a description of other land substituted therefor. A supplemental agreement was then signed by the parties accordingly, substituting a new description. This supplemental agreement did not in any respect change the above quoted provision of the original lease, relating to Thurber's construction of a store building upon the land, the term of the lease and the monthly rental. This supplemental agreement had the effect of executing a new lease as of April 22, 1927, embodying therein the terms of the original lease, except as to the description of the leased land.

"In reliance on said lease and option, Thurber, with the knowledge and consent and cooperation of Clark, shortly after the granting of said lease and option, commenced to, and did, construct two certain buildings or structures upon said premises. Said buildings were completed on the 20th day of June, 1927, and said lease and option commenced to run from said date."

This finding warrants the assumption that the construction of the two buildings by Thurber was of such character as to start the ten-year term running on June 20, 1927, as contemplated by the above quoted provision relating thereto, unless we are to hold the lease void, as contended in behalf of Clark. There is nothing in the record to negative the presumption that the monthly rental was paid by Thurber and accepted by Clark as contemplated by the lease, since June 20, 1927, up until the assertion of the invalidity of the lease by Clark in his cross-complaint in this action, which he served upon counsel for Thurber on August 9, 1928, over a year after June 20, 1927, when the buildings were completed by Thurber.

■ It is first contended in behalf of Clark that the lease is void because of the language thereof rendering the time of the commencement of the term uncertain. There might be some fair ground for this contention to rest upon if Clark had challenged the validity of the lease before the actual occurrence of the event, the construction of the buildings by Thurber, as contemplated by the lease as the time of the commencement of the term. While the occurrence of this event was, at the time of the final execution of the lease on April 22, 1927, somewhat uncertain, manifestly it was but slightly uncertain in the minds of both Thurber and Clark. We have seen that it was promptly, following the final execution of the lease, being brought about by Thurber, sanctioned by the "consent and cooperation of Clark," over a year prior to his first asserting the invalidity of the lease because of its uncertainty in fixing the time of the beginning of the ten-year term. We are of the opinion that Clark should not now be permitted to assert this technical uncertainty by looking alone to the literal language of the lease. *Hammond v. Barton*, 93 Wis. 183, 67 N. W. 412; *McClain v. Abshire*, 72 Mo. App. 390; *Vanover v. Justice*, 174 Ky. 577, 192 S. W. 653; 16 R. C. L. 606. We conclude that the lease cannot now be held void because of the uncertainty that may have existed in its literal language at the time of its execution.

■ It is next contended in behalf of Clark that there is such a want of mutuality of obligation of each party to the other in the provisions of the lease as to render it void, in that the contemplated event determinative of the term was subject to control as to the time of its occurrence "at the discretion of lessee," Thurber. That may be true looking alone to the language of the lease, though it might well be argued that the law would require him to commence paying rent

and treat the term as starting to run within such reasonable time as would require him to construct the buildings. However, he promptly performed that condition with the "consent and cooperation" of Clark; thereby adding materially to the value of Clark's land, manifestly believing that he was thereby starting the ten-year term running. We are of the opinion that Clark is in no position to assert want of mutuality as cause for holding the lease void. *Morris v. Healy Lumber Co.*, 46 Wash. 686, 91 Pac. 186; *Faucett v. Northern Clay Co.*, 84 Wash. 382, 146 Pac. 857; *Vanover v. Justice, supra.*

■ Some contention is made in behalf of Clark that, to award to Thurber the relief he asks and to deny to Clark the relief he asks, must necessarily rest largely upon the theory of estoppel as against Clark, and that this should not be done for want of pleading of estoppel by Thurber. True, in the record before us we do not have any formal plea of that nature made by Thurber. Neither do we have any statement of facts or bill of exceptions telling us what occurred upon the trial. The court having found the facts showing the element of estoppel as against Clark, we must now presume that such findings were made upon evidence introduced without objections, and that the pleadings were amended accordingly in so far as was necessary in that behalf. We are not now concerned with the question of formal pleading of estoppel.

Clark's wife was a defendant with him because of her community interest in the leased property. The judgment is against both, so both are bound thereby. We have mentioned Clark only in our discussion merely for convenience of expression.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.