[No. 26990. Department One. June 28, 1938.]

PEOPLES BANK & TRUST COMPANY, as Trustee, et al., Respondents, v. AXEL CARLSON et al., Defendants, THE STATE OF WASHINGTON, by William H. Pemberton, as Supervisor of the State Inheritance Tax and Escheat Division, Appellant.[1]

William H. Pemberton and Charles Snyder, for appellant.

Clarence J. Coleman, for respondents.

SIMPSON, J.—Action was instituted in this case to forfeit a real estate contract because of the nonpayment of sums due as provided for in the agreement.

The complaint alleged that Frank Chichester and his wife Esther, both now deceased, entered into an executory contract December 5, 1924, with defendants, by the terms of which the defendants agreed to purchase certain real estate in Snohomish county, the purchase price to be paid in monthly installments beginning January 1, 1925, and that defendants had defaulted in the payments mentioned in the contract.

It was further alleged that Frank Chichester died March 9, 1932, leaving all his property to his wife, Esther Chichester, who thereafter passed away, leaving

[1]Reported in 80 P. (2d) 812.

a will by the terms of which all payments due under the contract of purchase from the defendants were vested in the trustee thereafter to be appointed upon the nomination of the executor; that the plaintiff Peoples Bank & Trust Company was appointed trustee February 10, 1936, and that, under the further terms of the will, the plaintiff William Ralph Pratt was the residuary legatee, and that thereafter a decree of distribution was entered in the estate of Esther J. Chichester, which decree confirmed William Ralph Pratt as residuary legatee. The defendants, Axel Carlson and wife, in their answer put in issue the allegations concerning the nonpayment of installments provided for in the contract of sale.

Thereafter, William H. Pemberton, supervisor of the inheritance tax and escheat division of the tax commission of the state of Washington, by leave of court, intervened, and in his complaint in intervention alleged that, at the time Esther Chichester died, she left a last will and testament under the terms and conditions of which a trust was created of a certain portion of decedent's estate, under which trust all proceeds of the real estate contract herein referred to, was, with other funds, to be held by the trustee and the income thereof paid twenty-five dollars per month to Myrtie Chichester Halstead during her life, and the balance of the income to be paid to decedent's son William Ralph Pratt for a period of forty years or, in the event of the son's death before the end of that period, to his heirs, and at the end of the forty year period the trust fund was to be paid to the state of Washington as beneficiary. The intervener further contended in his complaint that, if the real estate contract was forfeited, the state of Washington would have an interest in the real property as a residuary legatee.

Denial of these allegations, except those concerning

the nonpayments provided for in the real estate contract and the contents of the will, was made by the plaintiffs.

Upon the issues presented by the pleadings, trial was had to the court and judgment entered forfeiting the contract and decreeing the state of Washington to have no interest in the real property. No findings were made by the trial court. The state of Washington has appealed.

It appears from the record that no statement of facts or bill of exceptions has been filed in this court. The court for that reason cannot consider any errors urged by appellant.

An analysis of the pleadings discloses that there was presented a question for consideration by the court. However, we are unable to ascertain how that question was presented or considered, or what evidence was introduced upon which the trial court based its decree. The failure to bring the full record to this court by a statement of facts closes to our inspection and consideration the record made in the trial court.

In the absence of findings of fact and a statement of facts, the judgment of the trial court is presumed to be correct, and no question is presented for review. *Thurber v. Clark*, 154 Wash. 485, 282 Pac. 911; *Gerson v. Sussman*, 176 Wash. 564, 30 P. (2d) 379; *In re Flynn's Estate*, 181 Wash. 254, 43 P. (2d) 8; *State ex rel. Northeast Transportation Co. v. Superior Court*, 194 Wash. 262, 77 P. (2d) 1012.

For the reasons just given, the judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.