[No. 27465. Department Two. June 16, 1939.]

ROBERT S. TERHUNE, *as Trustee, Respondent,* v. EUGENE E. MILTENBERGER, *Appellant,* WILLIAM DESMOND MYERS, *as Administrator, Respondent.*[1]

[1]Reported in 91 P. (2d) 566.

318

E. D. *Phelan* and *Rummens & Griffin,* for appellant.

L. *Presley Gill,* for respondent Myers.

SIMPSON, J.—This action was instituted to determine the rights of the respective parties in and to property held in trust by plaintiff and to construe the last will and testament of Mary Miltenberger, deceased.

The complaint alleges that Mary Miltenberger died testate December 13, 1936; that, by the terms of her will, she made a definite bequest to her husband, Eugene E. Miltenberger, and left the "rest, residue and remainder" to Robert S. Terhune, in trust, for the purpose of paying to her son Frederick Edward Albert Perkins the sum of thirty dollars per month until the trust estate should be consumed; that the above-mentioned will was duly probated; and that the trustee assumed control of the property and paid the thirty dollars per month in accordance with the provisions of the trust until the date of the death of Mr. Perkins. It was further alleged that Perkins left a last will and testament which devised his property to certain individuals named as defendants in the complaint, and that the trustee held real property and had in his possession the sum of $653.27 in cash and household goods and effects. Plaintiff requested the court to determine the rights of the respective parties to the action in and to the real and personal property held in trust by him.

Eugene E. Miltenberger, a defendant, answered the complaint, and alleged that he was the surviving hus-

band of Mary Miltenberger; denied allegations in plaintiff's complaint relative to the will of Mr. Perkins; and alleged that he, as surviving spouse, was entitled to the property remaining in the name and possession of the trustee. The other defendants made answer putting in issue the respective rights of the estate of Mr. Perkins and the parties defendant to the property held in trust.

At the trial, witnesses were examined and documentary evidence introduced, after which the court entered its decree to the effect that the residue of the trust estate vested in the estate of Frederick E. Perkins, deceased. Eugene E. Miltenberger has appealed, and contends that the facts pleaded, admitted, and found, do not sustain the judgment.

At the outset, we are met with a motion on the part of respondent William Desmond Myers to affirm the judgment on the ground that no statement of facts or bill of exceptions is before this court.

Appellant contends that no bill of exceptions or statement of facts is essential to review the judgment of the trial court, for the reason that the rights of all the parties may be determined upon the admitted allegations of the complaint and the terms of the will, without recourse to extrinsic facts and circumstances *dehors* the will.

We are unable to hold that the decree was founded upon the pleadings set out in the transcript. The pleadings may be, and frequently are, amended orally or by the evidence received, and, under the record before us, we are not in a position to determine whether or not the pleadings in this case were amended during the trial. Moreover, it is evident that the court based its decree upon the evidence received, because the judgment states that the court "considered the evidence and proofs submitted."

In the absence of the statement of facts or bill of exceptions, the court is not in a position to determine what testimony was adduced at the trial, or what documents were received by the court.

For the reasons given in *Peoples Bank & Trust Co. v. Carlson,* 195 Wash. 285, 80 P. (2d) 812, and the cases cited therein, we are compelled to affirm the judgment. It is so ordered.

BLAKE, C. J., BEALS, GERAGHTY, and ROBINSON, JJ., concur.

