[No. 28977. Department One. February 23, 1943.]

MARY JESCHKE, *Respondent*, v. WILLIAM B. JESCHKE, *Appellant*.[1]

*Verne C. Henry*, for appellant.

STEINERT, J.—This is an appeal from an order modifying the terms of an interlocutory decree of divorce

[1]Reported in 134 P. (2d) 464.

with respect to the future custody of the minor child of the parties to the action.

· No statement of facts has been brought to this court and we have merely a transcript of the pleadings and certain orders pertaining to this particular proceeding, together with appellant's brief. A statement of the case is therefore constructed largely from the transcript.

On February 1, 1940, respondent obtained an interlocutory decree of divorce from the appellant. By that decree, respondent was awarded the custody of the minor child, and appellant was directed to pay respondent the sum of twenty-five dollars a month for the child's support. Appellant's brief supplies the information that the divorce action was uncontested and, further, that the child was a girl then four years of age.

On March 20, 1941, the interlocutory decree was modified to the extent of giving appellant "the custody" of the child during Saturday afternoons of each week and prohibiting either party from removing the child from the jurisdiction of the court or beyond the borders of the state until or unless further ordered by the court.

On April 24, 1942, respondent filed in the action her present petition for further modification of the interlocutory decree, alleging that she desired to remarry and for that purpose wished to move to the state of Texas and take the child with her. The petition further alleged that the child would there have a good home and would be properly reared. Pursuant to the prayer of that petition, an order was entered, and on April 29th was served on appellant, directing him to appear in court on May 4th, then and there to show cause, if any he had, why the modification sought by respondent should not be granted.

Appellant appeared in person on the day set and asked for a continuance in order that he might secure

counsel. The request was granted and the matter was continued to May 11th. On the last mentioned date, appellant appeared with his attorney and filed a general demurrer to the petition. After argument on that day, the court entered an order overruling the demurrer and directing appellant to proceed forthwith to a hearing on the petition for modification. The order recited that appellant had filed no formal answer but that it was assumed by the court that a general denial had been entered in his behalf. The order further allowed appellant's exceptions to the overruling of his demurrer and to the decision requiring him to proceed forthwith to a hearing on the merits of the petition.

Evidence was thereupon taken but, lacking a statement of facts, it has not been brought to this court. We therefore do not know what showing was made before the trial court upon the particular issue here involved. After hearing the evidence, the court entered an order modifying the interlocutory decree to the extent of permitting respondent to remove the child to the state of Texas, but further directing that, if she should return to the state of Washington, she immediately notify appellant and grant him the right of visitation with the child, as provided in the antecedent order. This appeal followed.

Appellant assigns error, first, upon the overruling of his demurrer to the petition for modification. He contends that the petition contained no allegations of fact, but merely conclusions of law. We are of the opinion that the petition did state facts sufficient to constitute a cause of action for modification. But whether or not the petition, as filed, was in itself legally sufficient is now beside the point. As stated above, evidence was taken at the hearing, in which both parties fully participated. The petition is therefore to be considered as amended to conform to the proof if the

facts were properly before the trial court or the evidence was admitted without objection. *Flagg v. Flagg,* 192 Wash. 679, 74 P. (2d) 189; Rule VI (9), Rules of Practice, 193 Wash. 44-a. There is nothing in this record which indicates that the facts as established by the proof at the hearing were improperly brought to the attention of the court or that the appellant objected to the introduction of the evidence when offered.

Since we have no way of knowing from the record what the evidence was, it must be presumed, in the absence of a statement of facts, that it was ample and sufficient to justify the order made by the court. *Peoples Bank & Trust Co. v. Carlson,* 195 Wash. 285, 80 P. (2d) 812; *Terhune v. Miltenberger,* 199 Wash. 317, 91 P. (2d) 566. The first assignment of error is without merit.

Appellant next assigns error upon the ruling of the court requiring him to proceed forthwith to a hearing on the merits, after his demurrer to the petition for modification had been overruled. It will be recalled that the matter had been set for hearing on May 11th on the order to show cause. Eleven days had elapsed between the date of service of the order upon the appellant and the day of the hearing. Appellant should have been prepared to make a proper showing on that day or else have advanced good and sufficient reason for a further continuance. He made no written showing upon the merits of the proceeding, either by affidavit or by answer, and the record is barren of any showing that a further continuance was essential to a proper preparation of his case. Indeed, so far as is disclosed by the record before us, appellant introduced upon the oral showing all the evidence which he deemed material to the particular controversy. Furthermore, there is absolutely nothing before us to indicate that appellant was in the least prejudiced by hav-

ing to proceed forthwith. Under the circumstances existing at the time of the hearing, the matter of granting a further continuance rested in the sound discretion of the court. In the absence of any showing of abuse of that discretion, the ruling of the trial court will not be disturbed.

The order is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and JEFFERS, JJ., concur.