[No. 30177. Department Two. December 15, 1947.]

*In the Matter of the Estate of* MAUD C. BERARD, *Deceased.*[1]

*The Attorney General* and *Philip W. Richardson, Assistant,* for appellant.

*Lewis L. Stedman,* for respondent.

ROBINSON, J.—This appeal involves the determination of an inheritance tax.

During the course of the administration of the estate of Mrs. Maud C. Berard, the supervisor of the inheritance tax division filed his findings fixing an inheritance tax. The administrator of the estate presented his objections to the

[1]Reported in 187 P. (2d) 610.

claimant for taxes. The cause, tried by the superior court, resulted in a judgment sustaining the objections. The state has appealed.

The facts in this case were stipulated in accordance with Rule of Supreme Court 10, 18 Wn. (2d) 11-a. We cannot consider this case upon its merits, for the reason that we lack jurisdiction. The order sustaining the objection of the administrator was signed and filed August 12, 1946. September 5, 1946, the attorney general filed a motion for the entry of an order "allowing reargument and rehearing." The court then listened to a reargument, and then, October 30, 1946, entered an order affirming the prior decision. The state gave notice that it appealed from the last-mentioned order.

The statement of facts was filed in the office of the clerk of the superior court January 29, 1947. Rule of Supreme Court 9(1), 18 Wn. (2d) 9-a, provides that statements of facts must be filed in the office of the clerk of the superior court within ninety days after the date of entry of the final judgment or appealable order. Rule of Supreme Court 10, 18 Wn. (2d) 11-a, provides that agreed statements of facts must be filed with the clerk of the superior court "within the time provided for the filing of a statement of facts or bill of exceptions." It necessarily follows that agreed statements of facts must be filed within the period mentioned in Rule 9. The parties to this appeal did not comply with our rules, and, therefore, cannot be heard. *State ex rel. Grange Store v. Riddell*, 27 Wn. (2d) 134, 177 P. (2d) 78.

Appeal dismissed for lack of jurisdiction.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.