[No. 30627. Department One. October 25, 1948.]

LESLIE E. BLACK et al., Respondents, v. ROBERT L. PORTER, Defendant, MARRIAM PORTER, Appellant.[1]

[1]Reported in 198 P. (2d) 670.

*T. P. Ulvestad,* for appellant.

*M. M. Pixley,* for respondents.

STEINERT, J.—Plaintiffs brought suit seeking specific performance of an oral contract alleged to have been made and entered into between plaintiffs and one of the defendants, under which plaintiffs claim to be entitled to a conveyance from defendants of the latter's interest in certain real property which had been jointly purchased by the parties to the contract. Plaintiffs also prayed in their complaint for alternative relief, in that they be granted an equitable lien on the property to the extent of the amounts previously paid by them on the purchase price thereof and for the cost of subsequent improvements made thereon by them.

One of the defendants, Robert L. Porter, who is the son of plaintiff Ethel Black, defaulted in the action. The other defendant, Marriam Porter, who is the wife of Robert L. Porter, demurred to the complaint. The demurrer was evidently overruled, although there is no record of the trial court's ruling thereon. Defendant Marriam Porter then answered, denying plaintiffs' allegations relative to the alleged oral contract, and, by way of affirmative defense, pleaded the statute of frauds and further alleged that any payments on the purchase price or for improvements on the property, made by the plaintiffs, were either gifts to the defendants or else were intended as payment by plaintiffs for their use and occupancy of the property. Plaintiffs denied the affirmative allegations of the answer, and the cause thereafter proceeded to trial before the court, without a jury.

At the conclusion of the trial, the court rendered an oral decision in favor of plaintiffs. Defendant Marriam Porter moved for judgment notwithstanding the oral decision or, in the alternative, for a new trial. The court denied the motion and thereupon entered a decree directing the two defendants to execute a deed of the property to the plaintiffs as prayed for in the complaint. Defendant Marriam Porter appealed.

Appellant assigns error on the part of the trial court in overruling her demurrer to the complaint; in denying her challenge to the sufficiency of the evidence produced by the respondents Black in their case in chief; and in decreeing that the respondents were entitled to specific performance of the alleged oral contract.

Prior to the hearing in this court, respondents filed a motion to dismiss the appeal on the ground, *inter alia,* that appellant had not filed a statement of facts in the manner and time provided by law and the rules of this court. The motion was passed to the hearing on the merits, and thereafter, in their brief on appeal, respondents moved to strike the statement of facts which the appellant had filed in this court.

We are thus met at the threshold of this appeal with the necessity of ruling on respondents' motion to strike the statement of facts.

The record discloses that the decree was entered January 9, 1948, and that no statement of facts was ever filed in the office of the clerk of the superior court, but was filed with the clerk of the supreme court on May 3, 1948, which was one hundred fifteen days subsequent to the entry of the decree.

Rule of Supreme Court 9 (1), 18 Wn. (2d) 9-a, provides:

"A proposed bill of exceptions or statement of facts must be served and filed in the office of the clerk of the superior court within ninety days after the date of entry of the final judgment, or appealable order, for the purpose of appealing from which the bill or statement is proposed. . . ."

This rule is mandatory, and the filing of a statement of facts within the ninety-day period, as required by the rule, is jurisdictional. *State ex rel. Grange v. Riddell,* 27 Wn. (2d) 134, 177 P. (2d) 78, in which the following cases are cited as authority: *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20; *McKasson v. Huntworth,* 5 Wn. (2d) 661, 105 P. (2d) 44; *Nash v. Nash,* 23 Wn. (2d) 448, 161 P. (2d) 326.

We have repeatedly declared that, if a statement of facts be filed after the time prescribed by Rule 9 (1), the

statement will be stricken. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123; *State ex rel. Grange v. Riddell, supra; Wheeler v. S. Birch & Sons Constr. Co.,* 27 Wn. (2d) 325, 178 P. (2d) 331; *In re Berard's Estate,* 29 Wn. (2d) 438, 187 P. (2d) 610.

The motion to strike the statement of facts is granted.

In light of this ruling, we shall turn our attention to appellant's assignments of error.

■ The question of the sufficiency of the complaint, raised by the demurrer, cannot be considered, for the reason that without a statement of facts this court has no means of knowing what transpired at the trial by way of amendments to the pleadings or by admissions or stipulations made by the parties. For aught we know, the pleadings may have been amended in the progress of the trial, and facts in support of the decree may have been testified to either by appellant's own witnesses or by respondents without objection. *Mattice v. Dunden,* 193 Wash. 447, 75 P. (2d) 1014; *Peoples Bank & Trust Co. v. Carlson,* 195 Wash. 285, 80 P. (2d) 812; *Terhune v. Miltenberger,* 199 Wash. 317, 91 P. (2d) 566.

■ Appellant's challenge to the sufficiency of the evidence cannot be considered, for the reason that, in the absence of a statement of facts, the evidence is not before us.

■ The trial court made no findings of fact, nor was it required to do so, this being an equity case.

■ Where no findings of fact or statement of facts is before this court, it will be presumed that the evidence supports the judgment or decree of the trial court. *Peoples Bank & Trust Co. v. Carlson, supra,* and cases therein cited; *Terhune v. Miltenberger, supra; Jeschke v. Jeschke,* 16 Wn. (2d) 617, 134 P. (2d) 464; *Nash v. Nash, supra.*

In the absence of a statement of facts, the questions presented by appellant cannot be reviewed by this court.

The decree is affirmed.

MALLERY, C. J., BEALS, JEFFERS, and HILL, JJ., concur.