[No. 30687. *En Banc.* May 19, 1949.]

*In the Matter of the Estate of* JOHN LEVAS, *Deceased.*[1]

*Granville Egan,* for appellant.

*Christ D. Lillions, as Executor, pro se.*

*Reeves Aylmore,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a decree construing the will of John Levas, deceased, upon a petition filed by the executor, seeking to have the decedent vendee's

[1]Reported in 206 P. (2d) 482.

interest under a real-estate contract adjudged to be personal property and subject to sale under the will. The petition was resisted by George Levas, son of deceased, who claimed that the interest under the contract passed to him by the terms of his father's will.

 No statement of facts was furnished in this case, and we are therefore limited, in our determination of the question before us, to the facts as found by the trial court in the order appealed from. In *Levas v. Massachusetts Bonding & Ins. Co.*, 21 Wn. (2d) 562, 152 P. (2d) 320, we said:

"The record discloses that evidence, both oral and documentary, was introduced at the trial and considered by the court. No statement of facts or bill of exceptions, however, has been brought to this court on appeal. In that situation, the only question presented for review is whether the factual findings of the trial court support the judgment; and in the consideration of that question it is to be conclusively presumed that such findings are correct. *In re Munson's Estate*, 189 Wash. 537, 66 P. (2d) 293; *Bennett v. McKellips*, 8 Wn. (2d) 176, 111 P. (2d) 558; *Chas. H. Lilly Co. v. Parrino*, 18 Wn. (2d) 128, 138 P. (2d) 206."

The decree is as follows:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY
IN PROBATE

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF JOHN LEVAS, also known under the name Livanas, Deceased. | No. 104840 DECREE CONSTRUING W I L L AND ADJUDGING REAL ESTATE CONTRACT TO BE PERSONAL PROPERTY. |

"The above-entitled matter came on regularly for hearing on the 17th day of February, 1948, before this Court, Department No. 1, the undersigned Judge presiding, upon the petition of Christ D. Lillions, Executor of the Estate herein and attorney for said estate, asking for a decree of the Court construing the will of the deceased herein and declaring and adjudging as personal property that certain asset of the estate consisting of a real estate contract dated September 27, 1946, by and between Erling Smedvig and Henny Smedvig, his wife, and Magne Smedvig and Esther Smedvig, his wife, as sellers, and J. Morton Barnes and

Dolly Barnes, his wife, as purchasers, which the decedent purchased upon a purchaser's assignment of real estate contract and deed on the 1st day of November, 1947, covering the property described as

"East 5 feet of Lot One (1) and all of Lot Two (2), Block One (1), Edgemont Addition to the City of Seattle, according to plat thereof recorded in Volume 4 of Plats, page 86, records of said County, Except a portion of said Lot Two (2) condemned in King County Superior court, Cause No. 236360, for widening Aurora Avenue, et al, as provided by Ordinance No. 59719 of the City of Seattle, and on which is situated a building known as 1062 39th Street;

the said executor appearing in person and as attorney for the estate; George Levas, son of the deceased and joint executor of the will of the deceased, appearing in person and by his attorney, Reeves Aylmore; and Alex Livanas, brother of the deceased and one of the beneficiaries of the will, appearing by his attorney, Granville Egan; evidence having been heard and it appearing to the Court that John Levas died on December 5, 1947, that his last will and testament was duly admitted to probate on December 13, 1947; that the estate has been duly adjudged solvent and that said will provides, among other things, as follows concerning disposition and distribution of real estate and personal property left by the deceased, to-wit:

" 'Second: I direct the executors of my will, hereinafter named, to pay all my just debts and obligations. I hereby further direct that all my personal property, including bonds and securities of any kind, which I may have at the time of my death, be sold and reduced into cash as soon thereafter as may be convenient.

" 'Fourth: I hereby give, devise and bequeath to my son, George Levas, all real estate which I may have at the time of my death.

" 'Sixth: I hereby give, devise and bequeath all other cash remaining after payment of the above-named legacies to my brother, Alex Livanas, resident of Bartholomew Elias, Greece and in case of his death to those legally entitled to inherit under the laws of the United States.'

It appearing further that said real estate contract between Erling Smedvig and Henny Smedvig, his wife, and Magne Smedvig and Esther Smedvig, his wife, as sellers, and J. Morton Barnes and Dolly Barnes, his wife, as purchasers, mentioned hereinabove, was subsequently assigned by the

said J. Morton Barnes and Dolly Barnes, his wife, vendees thereof, to certain Sam Kosta and Frances Kosta, husband and wife, and by them assigned on November 1, 1947, to the deceased, John Levas, upon a duly executed and acknowledged Purchaser's Assignment of Real Estate Contract and Deed, reading as follows:

" 'PURCHASER'S ASSIGNMENT OF REAL ESTATE CONTRACT AND DEED

" 'For value received, the assignors, SAM KOSTA and FRANCES KOSTA, his wife, holders of that certain real estate contract entered into on the 27th day of September, 1946, between Erling Smedvig and Henny Smedvig, his wife, and Magne Smedvig and Esther Smedvig, his wife, as sellers, and J. Morton Barnes and Dolly Barnes, his wife, as purchasers, for the sale and purchase of the following real estate situated in King County, Washington, to-wit:

" 'East 5 feet of Lot One (1) and all of Lot Two (2), Block One (1), Edgemont Addition to the City of Seattle, according to plat thereof recorded in Volume 4 of Plats, page 86, records of said County, EXCEPT a portion of said Lot Two (2) condemned in King County Superior Court, Cause No. 236360, for widening Aurora Avenue, et al, as provided by Ordinance No. 59719 of the City of Seattle, do hereby assign, transfer and set over to JOHN LEVAS, an unmarried man, the assignee, the said real estate contract, and said assignors do bargain, sell and convey said described premises to said assignee, who hereby assumes and agrees to fulfill the conditions of said real estate contract.

" 'Dated this 1st day of November, 1947.

" 'SAM KOSTA
" 'FRANCES KOSTA

" 'STATE OF OREGON, } ss.
COUNTY OF MULTNOMAH. }

" 'On this day personally appeared before me SAM KOSTA and FRANCES KOSTA, his wife, to me known to be the individuals described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

" 'Given under my hand and official seal this 1st day of November, 1947.

" 'JOHN D. DAMIS

" 'Notary Public in and for the State of Oregon, residing at Portland, Oregon. My commission expires June 3, 1949.'

(NOTARY'S SEAL)

It appearing further that the agreed consideration for such Purchaser's Assignment and Deed to decedent was $14,000.00, and that decedent paid in all the sum of $9,073.67, leaving a balance of approximately $5,000.00 still due thereon, payable in monthly installments of $60.00 or more with interest as provided in said real estate contract; that the said real estate contract together with warranty deed of the said fee owners conveying and warranting the above described real estate to the vendees above said are in the hands of Seattle Trust and Savings Bank for collection of the balance due thereon, with escrow instructions to deliver said warranty deed upon full payment of the balance due under said real estate contract; that John Levas was in actual possession at the time of his death.

"The Court now being fully advised in the premises;

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the said real estate contract dated on September 27, 1946, between Erling Smedvig and Henny Smedvig, his wife, and Magne Smedvig and Esther Smedvig, his wife, as sellers, and J. Morton Barnes and Dolly Barnes, his wife, as purchasers, for sale and purchase of the property described hereinabove, same having been subsequently assigned by the said vendees to Sam Kosta and Frances Kosta, his wife, and by them assigned on November 1, 1947, to the decedent as aforesaid, be and the same is hereby adjudged and declared to be real estate and as such inherited by George Levas, son of the deceased, under the provisions of said will.

"To the judgment herein, Alex Livanas, brother of the deceased as aforesaid, has excepted in open Court, through his said attorney, and his exception is hereby allowed.

"DONE IN OPEN COURT this 23rd day of March, 1948.

"MALCOLM DOUGLAS, JUDGE."

Appellants rely on the case of *Ashford v. Reese*, 132 Wash. 649, 233 Pac. 29, and several of the subsequent cases in that series, to sustain their proposition that the vendee's interest under an executory land contract is not real estate. They further claim that, in order to sustain the trial court, we must overrule the *Ashford* case. While it is true that there is some confusion as to the relative interests and title of the vendor and vendee under such a contract, it would be mere dicta to decide such a question in a case where a determination is neither necessary nor proper. Had the

decedent herein died intestate, the question would be necessary and proper.

■ The only question for our determination is the intent of the testator, and if that can be determined without going outside the four corners of the will, we are not at liberty to so do.

Rem. Rev. Stat., § 1415 [P.P.C. § 219-39], provides:

"All courts and others concerned in the execution of last wills shall have due regard to the direction of the will, and the true intent and meaning of the testator, in all matters brought before them."

In *Cotton v. Bank of California,* 145 Wash. 503, 261 Pac. 104, this court said:

"It is also well settled by the authorities that, in the absence of express disposition of a portion of the property, if the intention of the testator can be gathered by fair implication by an examination of the entire instrument, then the wishes of the testator should govern."

A case from this jurisdiction in point is *In re McNulta's Estate,* 168 Wash. 397, 12 P. (2d) 389. In that case, the testator died two years after making his will. At the time of his death, he was a purchaser, under an executory land contract, of a duplex dwelling in Seattle, and owed about eleven thousand dollars of the contract price of sixteen thousand. The contract was entered into two days after he made his will, and was not mentioned therein. In his will he provided that there should go to his wife "any and all real estate . . . that I may own in the state of Washington at the time of my death." It was also provided that his executor should convert into cash all other property not otherwise disposed of. Although it was conceded by the appellant therein that decedent's interest was real estate and the court so assumed without deciding, it found nothing wrong with the manner in which decedent disposed of his rights under the contract. The court held that the wife received his interest under the will.

■ Several of the important applicable rules of construction are: (a) each part of the will is construed in connection with the other parts, and effect is given to all if

possible; (b) a will is presumed to speak as of the time of the testator's death; (c) the testator's intention is to be determined as of the time of execution of the will; (d) words used in a will are understood in their ordinary sense if there is nothing to indicate a contrary intent; (e) where there is room for construction, that meaning will be adopted which favors those who would inherit under the intestate laws; (f) wills should be construed to uphold rather than defeat devises and bequests. *In re Lambell's Estate,* 200 Wash. 220, 93 P. (2d) 352; *In re MacMartin's Estate,* 131 Wash. 192, 229 Pac. 530; *In re Thomas' Estate,* 17 Wn. (2d) 674, 136 P. (2d) 1017, 147 A. L. R. 598; *Welter v. Seattle-First Nat. Bank,* 25 Wn. (2d) 286, 170 P. (2d) 867; *Willis v. Barrow,* 218 Ala. 549, 119 So. 678.

Looking at the will from its four corners, it can be seen that the testator had, as the objects of his bounty, his son George, to whom he left all real estate which he might have at the time of his death, and his brother in Greece, to whom he left *cash.* By the second paragraph of his will, he directed that all of his personal property, including bonds and securities of any kind, be sold and reduced into cash.

His will indicates that he had a definite conception as to a distinction between personal and real property. Personal property, which he bequeathed to his brother, was to consist of bonds and securities to be reduced into cash, and any other cash remaining in the estate. It is perfectly clear that, under paragraph 4 of the will, it was his intention that a home which he might be purchasing and living in at the time of his death should pass to his son.

It might even be said that there can be little doubt but that *it was the intention of the deceased that respondent was to receive any real estate with regard to which deceased had any rights or interest, contractual or otherwise,* at the time of his death. The decedent did not limit the gift to only such real estate to which he had the title or even to such as he owned. Clearly, he intended his son to have his contractual interest in this real estate to which he "had" the right of possession and to which he "had" the con-

tractual right to complete payment of the one-third balance of the purchase price and then receive title from the escrow holder.

Under appellant's contention, respondent would receive nothing under his father's will. That this was the father's intention is inconceivable to us. Respondent was the principal object of his bounty. The father trusted his ability and integrity sufficiently to name him coexecutor under a nonintervention will. It is perfectly clear to us that the testator intended, by his will, to leave to respondent all real estate, including any interest in any real-estate contract, which he might have at the time of his death.

The judgment of the trial court is affirmed.

JEFFERS, C. J., STEINERT, ROBINSON, MALLERY, and GRADY, JJ., concur.

SIMPSON, J. (concurring)—I concur in the result reached by the majority. I cannot agree, however, that the record justifies this court's interpretation of the will. My reason is that a trial was had, evidence was introduced, and we do not have before us the statement of the trial proceedings. Without the statement of facts, we are unable to ascertain just what evidence was introduced. As has been stated in many of our opinions, the pleadings may have been amended, stipulations may have been entered into relative to the facts, and inadmissible evidence may have been introduced without objection.

In the case at bar, a supplemental transcript contains what purports to be petitioner's exhibits 1, 2, and 3, being a real-estate contract, purchaser's assignment of real-estate contract and deed, and an escrow agreement relating to the contract. These, of course, could not be considered because they were not attached to, or made a part of any statement of facts as provided for by Rule of Supreme Court 9(4), 18 Wn. (2d) 11-a. More than ninety days have expired since the time of the entry of the final order in this case, and no statement of facts has been filed in the office of the clerk of the superior court of King county as required by Rule of Supreme Court 9(1), 18 Wn. (2d) 9-a. The requirement to

which I have just referred limits us to a consideration of the decree alone. Many cases from this court could be cited in proof of the statement just made. I call attention to but one, and that is *Black v. Porter,* 31 Wn. (2d) 664, 198 P. (2d) 670. That case was in equity, and the statement of facts was not filed within the ninety-day period. The opinion called attention to the rule and stated:

"This rule is mandatory, and the filing of a statement of facts within the ninety-day period, as required by the rule, is jurisdictional. [Citing cases.]

"We have repeatedly declared that, if a statement of facts be filed after the time prescribed by Rule 9(1), the statement will be stricken." [Citing cases.]

We then held:

"The question of the sufficiency of the complaint, raised by the demurrer, cannot be considered, for the reason that without a statement of facts this court has no means of knowing what transpired at the trial by way of amendments to the pleadings or by admissions or stipulations made by the parties. For aught we know, the pleadings may have been amended in the progress of the trial, and facts in support of the decree may have been testified to either by appellant's own witnesses or by respondents without objection. *Mattice v. Dunden,* 193 Wash. 447, 75 P. (2d) 1014; *Peoples Bank & Trust Co. v. Carlson,* 195 Wash. 285, 80 P. (2d) 812; *Terhune v. Miltenberger,* 199 Wash. 317, 91 P. (2d) 566.

"Appellant's challenge to the sufficiency of the evidence cannot be considered, for the reason that, in the absence of a statement of facts, the evidence is not before us.

"The trial court made no findings of fact, nor was it required to do so, this being an equity case.

"Where no findings of fact or statement of facts is before this court, it will be presumed that the evidence supports the judgment or decree of the trial court. *Peoples Bank & Trust Co. v. Carlson, supra,* and cases therein cited; *Terhune v. Miltenberger, supra; Jeschke v. Jeschke,* 16 Wn. (2d) 617, 134 P. (2d) 464; *Nash v. Nash, supra* [23 Wn. (2d) 448, 161 P. (2d) 326].

"In the absence of a statement of facts, the questions presented by appellant cannot be reviewed by this court."

The decree in the cited case is so entirely like the one in the case at bar, that I set out its pertinent portions:

"The above entitled action having come on regularly for trial on December 22, 1947, plaintiffs being present and represented by their attorney, M. M. Pixley, the defendant Marriam Porter, being present and represented by her attorney, T. P. Ulvestad, the defendant Robert L. Porter, being in default and default having been duly and regularly entered against him, and the witnesses having been sworn and having testified, and evidence having been introduced both oral and documentary, and the Court having found that, subsequent to the commencement of this action, the plaintiff, Leslie E. Black, has in writing assigned and transferred to Ethel Black all his interest in and to this cause of action, and that the plaintiff, Ethel Black, has an enforceable contract under which she is entitled to acquire as her separate estate, all right, title and interest of defendants in and to the real property hereinafter described, in the manner hereinafter directed, and is entitled to specific performance of said contract, and the Court having orally announced its decision, and being fully advised in the premises, it is; ORDERED, ADJUDGED and DECREED as follows:

"That plaintiffs are husband and wife, their marriage having occurred on July 26, 1940. That the defendants are husband and wife, their marriage having occurred on February 21, 1942.

"That defendants shall forthwith make, execute and deliver to Ethel Black a bargain and sale deed, conveying to Ethel Black the following described real property in King County, Washington, to-wit: [Describing property.]

"That upon delivery of said deed so executed, the plaintiff, Ethel Black, shall credit and endorse the sum of $933.50 toward the partial satisfaction of a judgment entered this date in her favor against defendants in Cause No. 381038 in this Court, said sum being $598.50 invested in said property by defendants and $335.00 for the use and occupancy of said property by plaintiffs.

"The Court hereby reserves jurisdiction for all purposes concerning the vesting of title to said property in Ethel Black, including jurisdiction to appoint a commissioner to execute said deed if, for any reason, defendants cannot be compelled to do so, or to make and enter a supplemental decree vesting said title in Ethel Black.

"That at the time of the commencement of this action on January 31, 1947 plaintiffs filed a notice of the pendency of

this action in the Auditor's Office of King County, Washington, under Auditor's File No. 3653342, by reason whereof this decree is also binding upon all persons having acquired any right, title or interest in or to the real property prior to the filing of said lis pendens.

"That neither party hereto recover costs from the other.

"DONE IN OPEN COURT this 9 day of January, 1948.

[Signed] J. T. RONALD
JUDGE."

In addition, the decision of this court is based upon grounds other than those proposed by the pleadings or urged by the parties to this action. The contention of the respondent was and is that the real-estate contract owned by decedent at the time of his death was real property. No mention has been made in any of the proceedings before us that the will should be construed other than as mentioned in the judgment of the trial court.

The judgment should be affirmed as entered by the trial court.

BEALS, J. (concurring)—I concur with Judge Simpson. Upon the record before us the decree appealed from must be affirmed.

HILL, J. (concurring)—I concur with Judges Simpson and Beals. If this matter were before us on the issues presented by the parties in their briefs, I would still be for affirmance, because it is my belief that we should quit taking devious routes to avoid the implications of *Ashford v. Reese*, 132 Wash. 649, 233 Pac. 29, and hold forthrightly that a vendee's interest under an executory real-estate contract constitutes an interest in real estate.